BETTIE McILVAIN ET AL. v. ALBERT S. HOCKADAY, EXECUTOR.

Decided May 4, 1904.

**1.—Will—Provision for Testator's Monument.**
A testator may provide by will for the erection of a monument over his grave.

**2.—Will—Perpetuity—Perpetual Care of Grave.**
A will creating a fund of which the interest only is to be used for keeping the grave lot of the testator in good condition is unlawful, being within the constitutional prohibition against perpetuities.

Appeal from the District Court of Fannin. Tried below before Hon. Ben H. Denton.

*Taylor & McGrady,* for appellants.

*Thurmond & Steger,* for appellee.

EIDSON, ASSOCIATE JUSTICE.—Appellants as residuary devisees under the last will of Alice M. Seaton, deceased, brought this, a certiorari proceeding, in the District Court of Fannin County to have revised and set aside a certain part of an order made in probate in County Court of said county in the administration of said decedent's estate, which upheld as valid and ordered the executor to carry out a certain provision in said decedent's last will, providing for the erection of a grave lot monument, coping and a permanent fund to keep the grave lot in repair, and for the purpose of vacating the provision of the will to which said order related.

The provision of the will referred to is as follows: "That the sum of $1000 be placed in bank for the purchase of a stone for our lot in the Honey Grove Cemetery, in memory of my beloved husband T. H. Seaton and myself, to be purchased by my executor and placed in said lot. The stone I want is of red granite (the color of the Burns' stone; also the color of the monument in the Maysville lot) with a polished bole of the same stone on top, moveable but secured at the corners, costing not over $500. From the remaining $500 a red granite coping around the lot, the remainder of the money to be left in bank, the interest to be used to keep said lot in good condition yearly."

Appellee answered by general demurrer, general denial and special answer, seeking to sustain the testatrix's intentions set forth in said provision of her will.

It appears from the record that the County Court held said entire provision valid and capable of enforcement. The District Court upheld

all of said provision, except the following part thereof: "The remainder of the money to be left in bank, the interest to be used to keep said lot in good condition yearly."

Appellant's contention is that a testator has no power to provide by his last will for the erection of a monument over his grave; that such attempted disposition of one's estate is contrary to our probate laws and to public policy.

Appellee has filed cross-assignments of error claiming that said entire provision of the will was valid and capable of enforcement, and that the District Court erred in holding that that part of said provision which provides for the remainder of said sum of $1000, after the purchase and erection of the monument and coping, should be placed in bank, and the interest used to keep said lot in good condition yearly, was not valid and capable of enforcement.

We are of opinion that the District Court did not err in holding all of said provision of said will valid except that part which provides for the remainder of the money after the purchase and erection of the monument and coping to be put in bank, and the interest used to keep said lot in good condition yearly, and in holding that part invalid. We are of opinion that it is legal for a testator to provide in his will for the purchase and erection of a monument to be placed at his grave; that such expense would be a proper and legitimate part of the funeral expenses. In the absence of such a provision in the will, the probate court would be authorized in making provision for the purchase and erection of a suitable monument at the grave of the testator, the amount or cost of which should be regulated by the value of the estate. Bainbridge's Appeal, 97 Pa. St., 482; Webb's Appeal, 185 Pa. St., 330; Cannon v. Epperson, 14 Lea (Tenn.), 553; Bendal v. Bendal, 24 Ala., 295.

That part of said provision of said will which provides for a sum of money to be placed in bank and the interest to be used to keep said lot in good condition yearly, is in violation of section 26, article 1, of the Constitution of this State, which provides as follows: "Perpetuities and monopolies are contrary to the genius of a free government, and shall never be allowed; nor shall the law of primogeniture or entailments ever be enforced in this State." Said provision of said will creates a perpetuity, and the District Court did not err in holding it invalid and incapable of enforcement. 5 Am. and Eng. Enc. of Law, 2 ed., 933; Bates v. Bates, 134 Mass., 110. This is a universal rule, except where such trusts are specially legalized by statutory enactment.

We have carefully examined all of the assignments of error, and finding no reversible error in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused June 16, 1904.