MARY E. SHIPPEE *vs.* INDUSTRIAL TRUST CO. *et al.*

JUNE 28, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Bequests in Perpetuity. Wills. Charitable Trusts. Burial Lots. Private Trusts.*
A bequest in trust to apply the income for the care of a burial lot is void as a private trust in perpetuity.

BILL IN EQUITY for construction of will. Certified under Gen. Laws, cap. 289, § 35.

RATHBUN, J. This is a bill in equity seeking to have declared void, as violating the rule against perpetuity, a trust created by the codicil of the will of Avis A. Spink Brown. It appearing that all parties interested were represented and that the question presented involved the construction of a will, the cause was certified to this court for

determination under Section 35, Chapter 289 of the General Laws of 1909.

The trust provision is as follows: "Whereas in my said will I have given and bequeathed to Lucretia Reynolds, wife of Wilber T. Reynolds, five shares of the capital stock of the Wickford National Bank, I do hereby revoke said bequest and order and direct that said five shares of the capital stock of the Wickford National Bank be transferred to Adoniram J. Shippee of North Kingston, to hold in trust for the following purpose, viz: The dividends on said stock to be received by him and applied to the repairs and keeping in good order the family burial ground—the walls to be kept in good repair, and the ground clean of weeds, briars, etc. If the dividends on said stock shall not be sufficient for that purpose, he may sell so much of said stock as shall be necessary for said purpose."

Said will was duly admitted to probate and Adoniram J. Shippee received said five shares of the capital stock of the Wickford National Bank from the executor of said will and thereafter, until his decease, cared for said family burial ground in accordance with said trust provision.

During the trusteeship of the said Adoniram J. Shippee the capital stock of said bank was reduced and as a result the trustee held but four shares, which, on January 31, 1902, he sold to the Industrial Trust Company for $110 per share. Thereafter on the 10th day of December, 1908, said Adoniram J. Shippee deposited in the Wickford branch of the Industrial Trust Company, the sum of $39.47, under the name of "A. Judson Shippee, trustee under will of Avis A. Brown," and thereafter the following deposits were made by him upon said account: February 28, 1909, $71.99, June 15, 1909, $73.54, November 12, 1909, $72.49, and July 14, 1910, $250.07, making a total of $507.56 deposited by him in said account. No withdrawals were made from said account which up to the date of the filing of complainant's bill had accumulated by interest or participation dividends to the sum of $755.45. A. Judson Shippee and Adoniram J. Shippee were one and the same person.

Said Avis A. Spink Brown by the twenty-seventh paragraph of her said will gave and bequeathed all the rest and residue of her stock in said Wickford National Bank not disposed of in and by her said will to complainant, Mary E. Shippee, said Adoniram J. Shippee and Charles H. Shippee, to be equally divided among them. Adoniram J. Shippee died intestate, July 27, 1911, and said Charles H. Shippee was duly appointed administrator of his estate. Charles H. Shippee died intestate, December 30, 1916, and complainant, Mary E. Shippee was appointed administratrix of his estate. Subsequently Mary E. Shippee was appointed administratrix *de bonis non* of the estate of said Adoniram J. Shippee and took possession of and now holds the pass book issued by the Industrial Trust Company to. said Adoniram J. Shippee. Mary E. Shippee brings this bill of complaint individually and as administratrix of the estate of said Charles H. Shippee and. as administratrix *d. b. n.* of the estate of said Adoniram J. Shippee.

The burial lot mentioned in the codicil of the will of Avis A. Spink Brown was not devised by her in her said will but, upon her decease, descended to her heirs according to law. Her heirs now living are twenty-seven in number and are the respondents other than the Industrial Trust Company.

The complainant contends that said bequest in trust to Adoniram J. Shippee is an attempt to make a gift in perpetuity in trust for a private use and is for that reason void; and that she is entitled in her own right and as the representative of Adoniram J. Shippee and of Charles H. Shippee to the fund now on deposit in the Industrial Trust Company.

The Industrial Trust Company by its answer claims no right or title in said deposit but is ready and willing to make payment of said account to such person as this court may decree. The other respondents named in the complainant's bill admit the allegations contained therein and join in the prayer of the bill.

The bequest is a gift in perpetuity and creates a valid trust if the gift is for a charitable use but the gift is void if it

is for a private use.  *Kelly* v. *Nichols*, 17 R. I. at 317; *Sherman* v. *Baker*, 20 R. I. 449; *R. I. Hos. Trs. Co.* v. *Town Council*, 29 R. I. 393; *Mason* v. *Perry*, 22 R. I. 475.

(1)     Is the gift to care for the testatrix's family burial lot a gift to charity; in other words, a gift for the benefit of the public, or is the gift one merely for a private purpose? This court has repeatedly held in accordance with the almost universal rule, both in England and in the United States, that a devise or bequest in trust to apply the income for the care of a burial lot is an attempt to create a private and not a charitable use.  In *Kelly* v. *Nichols*, 17 R. I., at 317 and 318, the court said: "The question before us is, whether the testamentary gift is valid as a gift to charitable uses. This question can only be determined by the purposes for which the gift is made as disclosed in the will.  The first designated purpose is the care of the graves  .  .  .  However general and commendable this sentiment may be, and however desirable it may be that the graves of the dead be decently and reverently cared for, nevertheless we do not think a bequest of this kind falls within the limits of a charitable use.  It is not a gift in aid of any public object, nor for a purpose which affects the public in any way.  It benefits no one.  Its purpose is purely private and personal."  In *Sherman* v. *Baker*, 20 R. I. at 449, the court said: "This will presents an example both of a gift in perpetuity for a private trust, *i. e.*, for the care of the testator's burial lot, and an outright gift for masses.  The former is invalid."  In *R. I. Hos. Trs. Co.* v. *Town Council*, 29 R. I. 393, in which the above mentioned cases were cited with approval, a legacy was bequeathed to the Town Council of Warwick for the purpose of caring for a private burial lot. The court said: "This legacy is plainly a private as distinguished from a public or charitable trust, and but for Gen. Laws, cap. 40, § 35," (which authorized town councils to accept funds to be held in perpetuity in trust for the care of private burial lots) "would be clearly void for perpetuity; and would fall into the residue and go to the residuary

legatees." As the trustee named in the case at bar was neither a town council nor a corporation authorized by charter to hold in perpetuity trust funds for the care of burial lots but merely a private individual, the bequest of said stock to him in trust by the will of Avis A. Spink Brown is void as a private trust in perpetuity.

Since the bequest of the five shares of stock in the Wickford National Bank to Adoniram J. Shippee in trust is a void bequest, the right to said stock passed to the residuary legatees named in the twenty-seventh paragraph of said will, namely, Mary E. Shippee, Adoniram J. Shippee and Charles H. Shippee. *R. I. Hos. Trs. Co.* v. *Town Council, supra; Church* v. *Church,* 15 R. I. 138; *Nickerson* v. *Bragg,* 21 R. I. 296; *English* v. *Cooper,* 183 Ill. 203. The account in the Industrial Trust Company in the name of "A. Judson Shippee, trustee under the will of Avis A. Brown," represents the proceeds of said five shares of stock. Mary E. Shippee is entitled individually to one third of said fund; as administratrix of the estate of Charles H. Shippee, she is entitled to another third, and as administratrix *de bonis non* of the estate of Adoniram J. Shippee she is entitled to the remaining third.

Counsel may on July 6, 1920, submit decree in accordance with this opinion.

*Ratcliffe G. E. Hicks,* for complainant.

*Walling & Walling,* for certain respondents.

*Huddy, Emerson & Moulton,* for Industrial Trust Co.