## NORMAN v. JENKINS et al.

No. 4490.

Court of Civil Appeals of Texas.
Texarkana.

May 24, 1934.

Rehearing Denied June 7, 1934.

vesting of an estate or interest or the power of alienation is postponed for the period of lives in being and twenty-one years and nine months thereafter; and all restraints upon the vesting, that may suspend it beyond that period, are treated as perpetual restraints, and therefore as void. The rule relates only to the vesting of estates and interests, and not with their duration or the receiving of the profits of the estate. Anderson v. Menefee (Tex. Civ. App.) 174 S. W. 904; 48 C. J. p. 948. The rule applies equally to legal and equitable estates. 48 C. J. § 72, p. 983. In this undertaking of what is meant by a perpetuity, and the rule against them, we may consider whether the particular devise in question is repugnant to the rule. Here the testator devised the estate belonging to him, after payment of his debts and the expenses of probating the will, "to W. F. Norman, as trustee, for the benefit of my beloved children (naming them), and beloved grand-child (naming him)." Thus far, judged of by itself, unrelated to other parts, the devise stands clear of the rule. Both the legal and equitable estate vested at once and began within the prescribed limits. The legal title vested in the trustee and the beneficial estate and interest vested at the same time in each of the children and the grandchild named. And looking further to the execution of the trust the trustee was, so "long as my estate or any part of it shall exist" or be not exhausted, "to hold, manage, control, sell, dispose of, convey, invest, reinvest the proceeds of, and to partition and distribute any property, or the proceeds of or income from any property that shall be in his hands as such trustee." The power of sale and alienation is given broadly and without limitation to the trustee. After "twelve months from the date" of the death of the testator, the trustee was to begin to pay over or distribute to each child and the grand-child named the monthly sum or installment specified. The distribution was to be made among them in the share specified out of the "income (earned from investment) and such of the principal of such trust estate when necessary." Such distribution of installments was to continue monthly until each child and the grandchild had received, share and share alike, "an amount equal to one-fifth of my estate." The manifest purpose of the testator was to make gifts through a trustee to the beneficiaries named, severally and absolutely, payable out of the principal and any added income received while the principal was held by the trustee, and this devise was the scheme adopted to accomplish it. In the light of the facts, certain money in

Smithdeal, Shook, Spence & Bowyer, of Dallas, and Norman & Norman, of Rusk, for appellant.

Guinn & Guinn, of Rusk, for appellees.

LEVY, Justice (after stating the case as above).

The purpose of the case is to have the devise to the trustee contained in the last will of G. C. Rowe, deceased, declared void, and that as to the whole property the said G. C. Rowe died intestate. The precise point urged on appeal, as in the trial court, is that the devise by its terms create a perpetuity, which is forbidden by law, and is therefore void.

In this state the term "perpetuity" has been defined "as a limitation which takes the subject-matter of the perpetuity out of commerce for a period of time greater than a life or lives in being, and 21 years thereafter, plus the ordinary period of gestation." Neely v. Brogden et al. (Tex. Com. App.) 239 S. W. 192, 193; West Texas Bank & Trust Co. v. Matlock et al. (Tex. Com. App.) 212 S. W. 937. The essential principle is that the law allows the grant or devise of property wherein the

the bank, and notes and accounts out of which a gross sum might be realized, was given to the trustee, and out of that sum, not alone out of its income, the fixed monthly installments are to be paid. If necessary the principal is to be used. The trustee was further authorized not only "to partition and distribute any property," but also to "sell" it in "pursuance of the settlement of my estate." Such provision of authority would apply and include the house and lot and household and kitchen furniture, the beneficial interest in which was devised absolutely to the beneficiaries named. Therefore the provisions of the will may be regarded as creating a trust in the property, making, beyond question, the children and grandchild named of the testator the beneficiaries, subject to the termination or exhaustion of the trust in the manner provided, of specified portions of the income and principal. Upon the termination of the trust by exhaustion of the personal property, the beneficiaries, possessed of the beneficial estate, would forthwith become entitled to the legal estate in the real estate. We have then next to inquire whether the further provisions of paragraph 3 of the will legally tie up the beneficial estate and prevent or suspend its vesting beyond the period of time allowed. The language employed reads: " * * * hereby willing and directing that none of such estate, not the increase, income or proceeds thereof or therefrom, nor the equitable title therein, shall, while the corpus or legal title thereof or thereto is so held in trust, ever be subject or in any manner subjected to any indebtedness, judgment, or judicial process or incumbrance whatsoever of or against said property, nor be in any manner affected by any transfer, assignment, conveyance or sale, voluntary or involuntary, made by my said children, James Rowe, Mrs. Laura Dobbs, Mrs. Anna Rodgers and Mrs. Lee Belle Rowe Hughes, and my grand-child, Jewell Jenkins, or either of them; and they shall have no right or power to transfer, assign, convey, or incumber the same, nor any part thereof." It is believed the language of the particular clause may be deemed only as creating a condition subsequent, according to the fair intention of the testator. According to the rule if the language shows that the act on which the estate depends must be performed before the estate can vest the condition is "precedent." If, on the contrary, if the act need not necessarily precede the vesting of the estate, but may accompany or follow it, the condition is "subsequent." 2 Devlin on Real Estate (3d Ed.) § 959, p.

1780; 18 C. J. § 368, p. 354; 2 Alexander's Commentaries on Wills, § 1033, p. 1489. An estate devised upon condition subsequent vests immediately upon the death of the testator, subject to be defeated upon breach of the condition. 2 Devlin on Real Estate, § 958, p. 1779; 8 R. C. L. § 156, p. 1098; 2 Alexander's Commentaries on Wills (3d Ed.) § 1068, p. 1492.

Accordingly, the terms of the devise do not create a perpetuity, and the judgment is reversed, and judgment is here rendered denying appellees the relief prayed for. Costs of appeal and the trial courts are taxed against appellees, jointly and severally.