**KELLY et al. v. WOMACK et al.**

No. 4950.

Court of Civil Appeals of Texas.

El Paso.

June 10, 1953.

Rehearing Denied July 8, 1953.

Turpin, Kerr & Smith and Irby L. Dyer, Midland, for appellants.

Stubbeman, McRae & Sealy, Midland, O. D. Montgomery and Callaway & Reed, Dallas, R. W. Caton, Stanton, for appellees.

**600**

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Martin County, Texas, 70th Judicial District. W. E. Kelly, as plaintiff, sought recovery from Eda Tenkhoff Womack and numerous other defendants, of some four hundred acres of land situated in Martin County. The judgment was that plaintiff W. E. Kelly and intervenor H. C. Burnam take nothing. The plaintiff, W. E. Kelly, and intervenor H. C. Burnam, duly perfected this appeal from the judgment. The trial was to the court, without a jury. The relevant facts are undisputed, and involved herein is the application of the law to such undisputed facts.

Plaintiff's sole claim to title was under and by virtue of the execution of a deed by the respective trustees in two trust deeds, one executed by Vincent Heisserer under date of November 10, 1919, and the other by Frank L. Diebold on July 23, 1930. The deed from the trustees being dated July 7, 1948. It is undisputed that on said respective dates Vincent Heisserer and Frank L. Diebold each owned one-half interest in the fee simple title to the land involved, and if the two trust deeds were valid plaintiff had the better title to the property involved. The provisions of each trust deed are in substance the same. We shall reproduce in substance a portion of the deed of trust executed by Vincent Heisserer:

"That I, Vincent Heisserer * * * for and in consideration of love and affection and the sum of One Dollar to me in hand paid by W. H. Heisserer * * * have granted, bargained and sold and by these presents grant, bargain, sell and convey, unto W. H. Heisserer, * * * *as trustee, for and on behalf of the following beneficiaries,* each of whose interest is shall be as herein designated: (Here the deed names Mary Tenkhoff and twenty-three other persons having interests varying from ⅒th to ⅐ths of said half interest.)

" * * * an undivided one-half interest in and to a certain tract and parcel of land situated in Martin County, Texas, as follows:

"(Then deed states land description.)

"To Have and to Hold the above described premises, together with all and singular the rights and appurtenances thereunto in any wise belonging and unto the said W. H. Heisserer, and his successors *as trustees for and on behalf of the beneficiaries herein named,* forever, upon the following terms and conditions:

"The said trustees herein named *is* hereby authorized to lease, sell, convey, encumber by mortgage or otherwise, the said lands or any part thereof. and to cause the same, or any part thereof, to be subdivided, and in his name as such trustee to sign, acknowledge and cause to be recorded any plat or plats necessary proper subdivision and as such trustees, to sign and make proper acknowledgitals to any lease, mortgage, deed or contract and deliver the same to any purchaser, lessee or mortgagee without any liability upon the part of any such lessee, mortgagee or purchaser to see to the application of any money paid to the trustee in the execution of this trust, it being expressly made a part of this instrument of conveyance that the beneficiaries herein named shall look solely to the trustee and never to any person dealing with said trustee, for their interest in funds arising from the sale, lease or mortgage of said premises.

"In case of the death of W. H. Heisserer, trustee as aforesaid, before having fully disposed of the fee simple title to all of said premises herein conveyed, Zeno Heisserer of Scott County, Missouri, shall be and is made successor in trust and shall have the same power and authority as it vested in the said W. H. Heisserer, trustee.

"And upon the said trustee herein named, or his successor, is conferred the power to lease, mortgage or convey all, or any part, of said property with-

out the consent of the beneficiaries herein named and the beneficiaries herein named, as such, shall have no power or authority to sell, lease, mortgage or otherwise encumber the legal or equitable title to said property but that such power is vested solely in the trustee named or his successor in said trust.

"In Witness Whereof I have hereunto set my hand to the above and foregoing deed of conveyance, at Oran, Missouri on this 10th day of November, A. D. 1919. (Emphasis above are ours)

"(Seal)        Vincent Heisserer."

It is deemed unnecessary to set forth the trust deed executed by Frank L. Diebold, as it is practically the same as the Heisserer deed of trust. Plaintiff Kelly has a record chain of title if the said trust deeds are valid. It might be here added that defendants are the beneficiaries or heirs of the deceased original beneficiaries named in the respective trust deeds. The defendants asserted that the trust deeds were each void as a perpetuity. The holding is intrinsic in the trial court's judgment that each of said trust deeds was void.

The rule against perpetuities is derived from common law. Section 26 of Article 1 of the Constitution of the State of Texas, Vernon's Ann.St., provides as follows:

"Perpetuities and monopolies are contrary to the genius of a free government, and shall never be allowed, nor shall the law of primogeniture or entailments ever be in force in this State."

In determining the scope of the perpetuity banned by the Constitution of our State, it is necessary to consider what was the common law in relation thereto.

■ It is deemed elementary the content of this Constitutional prohibition at least included the common law concept of a perpetuity. The common law rule against perpetuities was founded on public policy, and was intended to prevent what was con-

sidered the undue hampering by limitation in sales and deeds of the power to alienate estates.

70 C.J.S., Perpetuities, § 3, p. 577, states the rule as follows:

"The rule against perpetuities, at common law, is that no interest within its scope is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest, to which is added the period of gestation if gestation exists. * * *"

In the note under the rule are cited the following Texas cases: Mayfield v. Parks, Tex.Civ.App., 57 S.W.2d 885; Brooker v. Brooker, 130 Tex. 27, 106 S.W.2d 247; Clarke v. Clarke, 121 Tex. 165, 46 S.W.2d 658; Hunt v. Carroll, Tex.Civ.App., 157 S.W.2d 429, wr. dis. Id., 140 Tex. 424, 168 S.W.2d 238. The Texas precedents cited are in accordance with the weight of American authority; each and all support the rule above quoted as stated in C.J.S.

Construing the special prohibition against perpetuities as applying only to the vesting as to future interest, let us consider the trust deeds in question. There can be no question but what the legal title to the property involved vested in the trustees upon the execution of the trust deeds under the terms thereof. Under the terms thereof, while the beneficiaries were forbidden from conveying the equitable estates conferred upon them, the conveyance operated presently.

■ Under the express provisions of each deed of trust the beneficiaries have not the right to alienate their respective equitable estates. Their estates are so limited that they can never convey them. The deed places no express duty on the respective trustees as to when the legal title be conveyed, specifies no definite term within which such conveyance must be made. The time of the continuance of the trust is indefinite. The right of the trustees to indefinitely postpone the conveyance of the property seems never to have been questioned under the Heisserer deed of trust; about thirty years elapsed before there was

an attempt to execute the power conferred; under the Diebold deed almost twenty years had elapsed before any attempt was made to exercise the power therein conferred. All interested parties seem to have construed the instruments as giving the trustees unlimited time within which to act. In the case of Neely v. Brogden, Tex.Com.App., 239 S.W. 192, 193, it is said:

"A perpetuity has been defined as a limitation which takes the subject-matter of the perpetuity out of commerce for a period of time greater than a life or lives in being, and 21 years thereafter, plus the ordinary period of gestation. In determining whether this period of time is transcended, the situation must be viewed as of the date the instrument becomes effective, that date being, in case of a will, the death of the testator; and when so viewed, if by any possible contingency a devise violates the rule, it cannot stand, and must be held void. Anderson v. Menefee, Tex.Civ.App., 174 S.W. 904, and cases there cited."

In the case of West Texas Bank & Trust Co. v. Matlock, Tex.Com.App., 212 S.W. 937, it is said:

"A perpetuity is a limitation of property taking the subject thereof out of commerce for a longer period than a life or lives in being and 21 years thereafter".

In the case of Brooker v. Brooker, 130 Tex. 27, 106 S.W.2d 247, 249, item third of the will the Supreme Court had before it was as follows:

"I will and direct that all the remainder of my estate, real, personaly or mixed, of which I may die siezed and possessed or entitled to; (except as mentioned in items one and two of this will) Shall be held together and not partitioned during the life of my last surviving legatee, and twenty-one (21) years thereafter but if my heirs should wish to hold my Estate together for longer period, if they continue the management herein provided; then it is my wish and desire that they should have the right to do so, by a majority vote of my legal heirs that are over Twenty-One (21) years of age at the time of such vote. And if they legally can, and do take such vote; the such vote must be taken on or about the end of the Twenty-One (21) years mentioned for division, or near the end of any legal extended time for closing the management and division of this will."

It was held that the provision that by a vote of the majority of the beneficiaries that the term might be extended caused same to offend against the Constitutional provision against perpetuity. In the course of the opinion Mr. Justice Critz said:

"When the trust provisions of this will are construed as vesting the legal title to the properties included in the trust estate in trustees immediately on testator's death, and leaving the real title in suspension to pass only to the class of persons entitled to receive it under the will at the time of partition, as above interpreted by us, there is no escape from the conclusion that such trust provisions attempt to create a perpetuity. In other words, there is no escape from the conclusion that the trust provisions of this will create an equitable or real title that is left in suspension in such a way that it may not vest until the time provided by the rule against perpetuities has expired. Furthermore, there is no escape from the conclusion that the real title to the trust estate may be taken out of trade and commerce for a longer period of time than the life or lives in being at the time of the testator's death, and twenty-one years thereafter, plus the period of gestation."

The rule against perpetuities is founded on public policy. It is intended to correct the evil attendant upon tying up the estates in lands for too great a time. 70 C.J.S., Perpetuities, § 2, p. 574; 32 Tex. Jur. p. 830, ¶4; Henderson v. Moore, 144 Tex. 398, 190 S.W.2d 800; Weber v. Texas Co., 5 Cir., 83 F.2d 807.

The instruments involved here unquestionably provide for spend thrift trusts. The determining question of this appeal is as to whether same are indestructible. If an indestructible spend thrift trust was provided for by the instrument, then there is no merit in this appeal. In the habendum clause of the instrument the following appears:

"\* \* \* and unto the said W. H. Heisserer, and his successors as trustees for and on behalf of the beneficiaries herein named, forever, upon the following terms and conditions:

"The said trustees herein named *is* hereby authorized to lease, sell, convey, encumber by mortgage or otherwise, the said lands or any part thereof, and to cause the same, or any part thereof, to be subdivided. \* \* \*"

The powers conferred are inconsistent with a trust of expedition. It is true that when the trustees elect to exercise their power of sale a partition would thereby be brought about. It would seem that the land at the time of the execution of the deed of trust could not well be distributed among the beneficiaries in kind. Some of their interests are very small indeed. There is this to be said that as in the case of Brooker v. Brooker, the trust unquestionably was contemplated to endure until the sale had been made. Until this sale was made the beneficiaries could have none of the benefits of ownership. The power to convey before that time was expressly withheld from them.

The instruments involved place no limitation on the discretion of the trustees. It is for them to determine when the partition take place. Their discretion under the instrument as to what is a reasonable time within which to exercise the power conferred upon them is untrammelled. The instruments admit but one construction, that is, indestructible spendthrift trusts are thereby created. The instruments are void as violating the Constitutional inhibition against perpetuity. Brooker v. Brooker, 130 Tex. 27, 106 S.W.2d 247; Powers v. First Natl. Bank of Corsicana, 138 Tex.

604, 161 S.W.2d 273; Moore v. Sellers, Tex.Civ.App., 201 S.W.2d 248 (wr. ref.). It is possible that this trust continue for a period beyond that prohibited by the Constitution. 32 Tex.Jur., p. 874, ¶7; Henderson v. Moore, 144 Tex. 398, 190 S.W.2d 800.

■ The rule against perpetuities is a rule to prevent the hampering and preventing the alienation of estates. A perpetual trust has the same effect, and the restraint is direct. If here the constating instruments provide that the trust may endure at the will of the trustee, then we have a perpetual trust. In the case of Brooker v. Brooker, 130 Tex. 27, 106 S.W. 247, a trust was declared invalid on account of providing for its existence beyond the period of perpetuity.

A perpetual trust violates Section 26, Art. 1 of the Constitution.

In the case of McIlvain v. Hockaday, 36 Tex.Civ.App. 1, 81 S.W. 54 (wr. ref.), in substance this proposition is laid down: A provision that money deposited in bank, the interest to be used to keep testator's burial lot in good condition, violates the Constitutional rule against perpetuities. See also West Texas Bank & Trust Co., v. Matlock, Tex.Com.App., 212 S.W. 937; Bockel v. Fidelity Development Co., Tex. Civ.App., 101 S.W.2d 628, no writ history; 7th Tex.Law Review, 435.

■ The only distinction between the instant case and the case of Brooker v. Brooker, supra, is that in the latter case a majority of the beneficiaries might continue the trust beyond the period condemned by the rule against perpetuities. Here the settlor of the trust made it possible for the trust to continue that long by action of the trustees. This is no substantial distinction, after all. In the Brooker case the settlor made it possible for the majority of the beneficiaries to continue the trust. Here there is no limit on the powers to lease for any term. If the instruments in question are subject to construction, the constructural preference should be in favor of an intention that

might not violate the rule against perpetuities. The instrument gives the trustee power to borrow money, to subdivide, to sell, to lease. These powers are not indicative of a trust of expedition; no specific limit is placed upon the duration of the trustee's powers. The termination of the trust is not to be by any act of the beneficiaries, the instrument expressly withholds this power from them. The construction of the trustees and beneficiaries must have been that the time for sale by the trustees was in their unhampered discretion. The date of the instrument hereinbefore copied was 1919, the power was not attempted to be executed until 1949. A considerable period of time elapsed between the execution of the other trust deed involved and the attempted execution of the powers thereby conferred. There was never a present vesting of equitable title in the grantees in the trust deeds entitling them presently to either the present enjoyment of the estate or entitling them to the present enjoyment of a future estate. In the case of Thornton v. Zea, 22 Tex.Civ. App. 509, 55 S.W. 798, 799 (wr. ref.) Justice Neill in the course of the opinion used the following language:

> "The word 'vest' is defined to mean 'to give an immediate, fixed right of present or future enjoyment' [2] Bouv.Law Dict. [Rawle's Third Revision, p. 3397]; Stewart v. Harriman, 56 N.H. [25], 29. 'By a vested estate, in relation to interests of a freehold quality, is to be understood an interest clothed, as to legal estates, with a legal seisin, * * * which enables the person to whom the interest is limited to exercise the right of present or future enjoyment immediately, in point of estate. A vested estate is an interest clothed with a present, legal, and existing right of alienation.' 1 Prest.Est. 65; Hayes v. Goode, 7 Leigh, [Va., 452] 496."

This language is quoted with approval in the case of Anderson v. Menefee, Tex.Civ. App., 174 S.W. 904, loc. cit. 908. In relation thereto in the case of Baldwin v. Fleck, Tex.Civ.App., 168 S.W.2d 904, loc.

cit. 909, affirmed 141 Tex. 340, 172 S.W.2d 975, it is said:

> " 'In the words of the authorities cited in Anderson v. Menefee, Tex. Civ.App., 174 S.W. 904, the word "vest" means to give an immediate, fixed right of present or future enjoyment; a "vested estate" is an interest clothed with a present, legal, and existing right of alienation. * * *.' "

The power of alienation of the estate purported to be conveyed on the grantees is specifically and definitely withheld. There is no present right of enjoyment of an estate to arise in the future.

Unless a perpetual private trust violates the rule against perpetuities, the Constitutional provision against same is futile. A perpetual trust might well serve the purpose of creating a perpetuity and thus thwarting the provisions of our Constitution.

It is therefore ordered that the judgment of the trial court be in all things affirmed.

## On Appellant's Motion for Rehearing.

Careful consideration has been given to appellant's motion for a re-hearing herein, but we are still of the opinion that the original disposition of the case was correct.

It is said that our disposition of the instant case conflicts with Norman v. Jenkins, Tex.Civ.App., 73 S.W.2d 1051, 1053. Careful consideration was given to that case on the original hearing, and a careful re-examination has been made in the consideration of the motion for re-hearing. A careful reading and consideration of that case will demonstrate, we think, there is no conflict between our disposition of this case and the disposition there made. Under the facts it is our belief the question of perpetuity was in no way involved in the above case. The express provision of the life of the trust was provided for by Section B, paragraph 4 of the will. Therein the trustee had active duties only until the five beneficiaries named had each received one-fifth of the value of the testator's estate. Under

the payments provided by the will each of the five beneficiaries would have received one-fifth of the value of the estate within less than 21 years after the testator's death. The following is from the opinion in that case:

"As was shown, the property of G. C. Rowe, as appraised, and being his separate property, consisted of one house and lot of the value of $1,500; household furniture and kitchen utensils of the value of $800; cash in bank $2,189.80; and various accounts and notes to the aggregate amount of $10,-749.02."

The total value of the estate was $15,238.82. The smaller of the respective payments provided was $15 per month, to continue until the beneficiary had received one-fifth of the value of the estate. By value of the estate the testator must have meant value at the time of his death. The trust would end before the expiration of twenty-one years, If this is a correct construction of the will under the facts of the case the question of perpetuity was not presented therein.

It is thought the rule is well and firmly established in Texas that perpetual trust for other than charitable purposes are invalid. Invalid for the reason that thereby the Constitution is violated. McIlvain v. Hockaday, 36 Tex.Civ.App. 1, 81 S.W. 54, (writ refused); West Texas Bank & Trust Co. v. Matlock, Tex.Com. App., 212 S.W. 937; Bockel v. Fidelity Development Co., Tex.Civ.App., 101 S.W. 2d 628; Brooker v. Brooker, 130 Tex. 27, 106 S.W.2d 247; Powers v. First Natl. Bank of Corsicana, 138 Tex. 604, 161 S.W. 2d 273; Moore v. Sellers, Tex.Civ.App., 201 S.W.2d 248, (wr. ref.).

The two deeds of trust admit of no construction limiting the lives of the two trusts established within the period denounced as transgressing the rule against perpetuities. Appellee asserts that the trusts in question are not spendthrift trusts. The beneficiaries of the trusts are denied the power to convey. This was our basis for denominating them spendthrift trusts. However, it is thought that it is immaterial.

It is ordered that appellee's motion for a re-hearing be in all things overruled.