MEADORS v. SHERRILL et al. (No. 977.)

(Court of Civil Appeals of Texas. El Paso.
May 15, 1919. Rehearing Denied June 5,
1919.)

PERPETUITIES ⟨key⟩4(15) — TRUST PROPERTY —
CHURCH.

Will bequeathing property to named trus-
tees to have full management, control, and sale,
with directions to turn proceeds of all prop-
erty over to certain church when in judgment
of trustees the church shall be in need of new
church building, did not contravene constitu-
tional inhibition against perpetuities, the prop-
erty vesting in trustees immediately upon tes-
tator's death, in trust for church, and discre-
tionary power given trustees to decide as to
time for construction of church building not de-
stroying right of church officers to take pro-
ceeds upon need for or propriety of building.

Appeal from District Court, Haskell Coun-
ty; Jno. B. Thomas, Judge.

Action by R. E. Sherrill and others, as ex-
ecutors of last will of W. A. Black, deceased,
against J. W. Meadors. Finding for plain-
tiffs, and defendant appeals. Affirmed.

Scott W. Key, of Waco, for appellant.
H. G. McConnell, of Haskell, and Theo.
Mack, of Ft. Worth, for appellees.

HARPER, C. J. This action was institut-
ed by R. E. Sherrill, R. C. Montgomery, and
H. G. McConnell, as executors of the last will
of W. A. Black, against appellant, upon cer-
tain promissory notes owned by the estate of
said Black.

The defense urged, by plea in abatement, is
that the will is a nullity under the Constitu-
tion and laws of Texas, which prohibit per-
petuities, hence the qualification of the plain-
tiffs as executors thereunder is void. This is
the sole question to be determined.

The court found for plaintiffs. and Meadors
has appealed.

The will declares:

First, for burial; second, payment of debts;
third, appointment of the above-named plain-
tiffs executors without bond; and, fourth, "I
hereby will and bequeath unto the said H. G.
McConnell, R. E. Sherrill and R. C. Mont-
gomery, in trust for the purposes hereinafter
stipulated all of the property of which I may
die seized and possessed, including real, per-
sonal and mixed property, and that of every
kind and description. And it is my will and
desire that the said trustees have the entire
management and control of all of said prop-
erty, hereby granting unto them full power and
authority to sell and convey the same, to invest
and reinvest the proceeds from time to time,
pay all reasonable charges and expenses in con-
nection with the handling, managing, caring for,
controlling and selling said property, and final-
ly, whenever in their judgment it is proper
or necessary for the First Presbyterian Church

of Haskell, Texas, in connection with the Pres-
byterian Church of the United States, to have
a new church building at Haskell, to pay the
entire proceeds of all my property in money
then remaining into the hands of the trustees of
said church to be by them at once expended in
the construction of a new building at Haskell,
Texas, which when completed shall be owned
by and shall belong absolutely and in fee simple
to said Presbyterian Church."

Fifth, "It is my will and I hereby direct that
should any one or more of my executors above
named from death, removal, inability, or other-
wise, fail or refuse to act as such executor that
then the survivor or survivors, who do qualify
under the law and act as such executor or ex-
ecutors, shall have all the powers, privileges and
authorities that I have conferred upon all of
them by the foregoing provisions of this will.
And be it understood that, whether any one or
any number of them shall qualify and act, as
such executors, he or they shall nevertheless,
be exempt from the giving of any security, or
bond as such executor or executors, as the case
may be."

The will was duly proved and admitted to
probate, and the above-named persons qual-
ified as executors.

The reasons assigned for the claim that
this will contravenes the constitutional in-
hibition against perpetuities are (a) That it
does not vest a present estate, nor (b) does it
provide that the estate shall vest within
21 years from the date of the death of the
testator, but (c) that the title is to rest upon
the contingency that the executors make up
their minds that it "is proper or necessary for
the Presbyterian Church of Haskell in con-
nection with the Presbyterian Church of the
United States to have a new church at Has-
kell," and that this is a contingency which
may not happen within the prescribed time,
21 years, and (d) that they are contingencies
which may never happen.

Appellant frankly concedes that the will is
valid if it creates a vested interest or estate
in the church as beneficiary, and cites Ander-
son v. Menefee; 174 S. W. 905. The question
of gift in trust for charitable uses was not in-
volved in that case, so the principles of law
applied in determining the issues there in-
volved do not apply to the instant case.

It has been said that charitable uses are
favorites with the courts of equity, and that
a construction of all instruments where they
are concerned is liberal in their behalf (Per-
ry, Trusts, § 709), and it was declared by the
Supreme Court of Texas that the inhibition
against perpetuities does not apply to be-
quests for charitable uses. Paschal v. Ack-
lin, 27 Tex. 197. By this will the title to the
property vested in the named trustees imme-
diately upon the death of the testator, but in
trust for the church, and the fact that the
trustees were by the will clothed with discre-
tionary power to decide when the necessity

or propriety of the construction of a church arose does not destroy the right of the officers of the church to take the proceeds of the property when the occasion in fact arose. Ould v. Washington Hospital for Foundlings, 95 U. S. 303, 24 L. Ed. 450; Russell v. Allen, 107 U. S. 163, 2 Sup. Ct. 327, 27 L. Ed. 397; Paschal v. Acklin, supra.

This is, we conclude, the law applicable to the provisions of this will, under the authorities cited and those referred to therein. Quoting from one of the cases:

"The doctrine finds support upon the ground that the intention in favor of charity is absolute, the gift and the constitution of the trust is immediate, takes effect in præsenti, and the only thing which is postponed or made dependent for its execution upon future and uncertain events is the particular form or mode which the donor would have applied to the execution of the charity."

These observations are applicable to the points raised and authority for holding the will to be valid.

Affirmed.