Mattie Swinney **ELLIS** et al., Appellants,

v.

**W. A. ANDREWS**, Independent Executor of the Estate of Cora Swinney Johnston, Deceased, Appellee.

No. 6892.

Court of Civil Appeals of Texas.

Amarillo.

May 11, 1959.

Rehearing Denied June 8, 1959.

Rosenfield, Berwald & Mittenthal and A. H. Dudek, Dallas, for appellants.

Olin P. McWhirter and Allen Clark, Greenville, for appellee.

NORTHCUTT, Justice.

This is a suit which originated in the County Court of Hunt County, Texas, in which appellants filed an independent proceeding to declare void a certain portion of the last will and testament of Cora Swinney Johnston, deceased, which had been admitted to probate, on the ground that such portion was void, having created a perpetuity in violation of Article 1, Section 26 of the Constitution of the State of Texas, Vernon's Ann.St. The trial court found

against appellants. Appellants appealed said cause to the 8th Judicial District Court of Hunt County, Texas, and on June 26, 1958, the District Court, without the intervention of a jury, found against appellants. On July 3, 1958, appellants mailed their motion for new trial to the District Judge of the 8th District Court of Hunt County, and on July 31, 1958, the Judge handed said motion to the District Clerk. The District Judge refused to consider said motion for new trial and considered the same to be a nullity, and it is contended that since the court did not act upon said motion, it would be automatically overruled by operation of law. Appellants gave notice of appeal and on August 22, 1958, appellants filed their appeal bond and the same was approved. The appellants excepted to the action of the court in that case and gave notice of appeal to the Court of Civil Appeals for the 5th Supreme Judicial District at Dallas, Texas, and the case was transferred to this court by order of the Supreme Court.

The record reveals that on July 3, 1958, the appellants mailed to the Judge of the 8th Judicial District Court, Hunt County, their motion for new trial. The Judge of the 8th Judicial District Court, Hunt County, Texas, left on his vacation June 30, 1958, and received the motion for new trial and delivered it to the District Clerk of Hunt County on July 31, 1958, and the same was filed on that date. In connection with the consideration of the motion for new trial the District Judge entered the following memorandum:

"In Chambers

"I left on my vacation on the 30th day of June, 1958. Upon my return to my office on the 30th day of July, 1958, I found in my mail a letter from A. H. Dudek, attorney for the plaintiffs in the above entitled cause, dated July 3, 1958, enclosing the original motion for a new trial, which is attached hereto. My secretary, in my absence, advised the attorney for the plaintiffs

on July 11, 1958 that I would take the matter up on my return. I delivered this motion to the Clerk of the District Court of Hunt County, Texas, the 31st day of July, 1958, and he filed the same as of that date. Since the motion was not sent to the District Clerk but, on the contrary, was mailed to me, I am of the opinion that there was no compliance with Texas Rules of Civil Procedure relating to the filing of motions for new trials, and am further of the opinion that since more than ten (10) days elapsed between the date of the judgment, which was rendered and entered by me on the 26th day of June, 1958, and the actual filing of the motion for a new trial, said motion for a new trial is a nullity and that I can take no official action thereon.

"Witness my hand officially this 31st day of July, 1958.

"/s/ L. L. Bowman, Jr., Judge of
      the 8th Judicial District
    Court, Hunt County, Texas."

Then on August 18, 1958, upon request of appellants for the court to consider said motion for new trial, the Judge entered his order showing why he considered said motion a nullity. From that order appellants gave notice of appeal and on August 22, 1958, appellants had filed and approved their appeal bond. The transcript was filed in the Court of Civil Appeals for the 5th Supreme Judicial District at Dallas, Texas, on October 2, 1958. On October 4, 1958, the appellee filed in the Court of Civil Appeals at Dallas his motion to dismiss the appeal. The Court of Civil Appeals at Dallas overruled the motion without prejudice to the right of appellee to raise the point and argue the same on submission of the merits of the case.

■ The appellee here urges his motion to dismiss the case upon the grounds that the appeal was not perfected. The judg-

ment which appellants seek to reverse was entered on June 26, 1958. Appellants mailed their motion for new trial to the trial judge on July 3, 1958, but the judge was on his vacation and did not receive the motion until July 30, 1958, and on the next day he delivered it to the District Clerk. A motion for new trial was not a necessary thing as the case was tried to the court without a jury, but since this appeal was perfected by virtue of the steps taken in connection with the motion for new trial, we are of the opinion, and so hold, that the appeal was not properly perfected and that appellee's motion to dismiss the appeal should be sustained. The judgment being entered on June 26, 1958, and the appeal bond not being filed until on August 22, 1958, this would not be in time as required by the Texas Rules of Civil Procedure.

It is the contention of appellants that they properly filed their motion for new trial and filed their appeal bond within the time prescribed when their motion for new trial was overruled by operation of law. It is not contended that appellants filed their motion for new trial with the District Clerk but mailed the same to the District Judge. Appellants rely upon Rule 74 of the Texas Rules of Civil Procedure to sustain their contention that they filed their motion for new trial within time. Rule 74 is as follows:

"The filing of pleadings and other papers as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and time and forthwith transmit them to the office of the clerk."

■ There is nothing in this record to show or even suggest that the trial judge ever gave his permission for appellants to file a motion for a new trial with him. On the contrary the undisputed record

shows the Judge considered the motion presented to him as a nullity. We think this would be construed as a refusal to accept such filing at that time with him. We think the motion to dismiss the appeal should be sustained and that the appeal should be dismissed.

■ Should we be wrong, however, in our opinion that the appeal should be dismissed, we cannot agree with the contention of appellants as to the question of perpetuities and think the judgment of the trial court should be affirmed. The appellants present their appeal upon one point only, as follows:

"A provision in a Will that the residue of monies in an Estate shall be used by the Executor in the maintenance and upkeep of the cemetery lot of Testatrix and her deceased husband, with no provision in the Will that the title to such residue shall vest within the time required by law, contravenes Article I, Section 26, of the Constitution of the State of Texas, prohibiting perpetuities and the Trial Court erred in refusing to declare such provision void."

By this point appellants are referring to Paragraphs 3 and 4 of the will in question which are as follows:

"3.

"It is my will that my executor hereinafter named shall sell all property, personal and real, which I may own at the time of my death for cash, and that he deposit the proceeds from the sale of same in the Greenville National Exchange Bank of Greenville, Texas. In this connection, I hereby empower my said executor to pass good and sufficient title by sale to all property belonging to my estate.

"4.

"It is my will and desire that my executor hereinafter named shall, with-

in a reasonable time after my death, have a concrete curb placed around the graves of me and my deceased husband, Thomas E. Johnston, and that footmarkers be placed at each of our graves. If there are sufficient funds, I desire that my executor shall also have placed concrete curbs around the graves or lots of my deceased mother, Elizabeth Swinney, and my deceased father, William A. Swinney, with markers placed at each of their graves. Any funds remaining on hand after the above named expenditures to be made shall be used by my said executor in the maintenance and upkeep of the cemetery lot of me and my deceased husband."

It is stated in the case of Kelly v. Womack, 153 Tex. 371, 268 S.W.2d 903, 905, by the Supreme Court:

"The generally accepted definition in this state of a perpetuity is:

"'A perpetuity is a limitation which takes the subject-matter of the perpetuity out of commerce for a period greater than a life or lives in being and 21 years thereafter, plus the ordinary period of gestation.' Neely v. Brogden, Tex.Com.App., 239 S.W. 192."

■■ Appellants contended that the devise violated the rule against perpetuities, and hence they as the heirs of Cora Swinney Johnston took the estate. The object of this rule as to perpetuities is to prevent the future vesting of an estate upon a contingency which is not certain to happen within 21 years, and a fraction of a year beyond to cover the period of gestation, after some life or lives in being at the creation of the estate. Where property is rendered inalienable or its vesting is deferred for a longer period, the law denounces the devise, bequest or grant as a perpetuity and declares it void. We are familiar with the rule expressed in the

case of McIlvain v. Hockaday, 36 Tex.Civ. App. 1, 81 S.W. 54 where the will provided for the deposit of money in the bank and the interest to be used to keep testator's burial lot in good condition yearly. There the property was taken out of commerce forever and only the interest was to be used; but in this case the property was vested on the death of Mrs. Johnston with directions to the executor to spend the money as there directed. We cannot say the provision takes the property out of commerce for a period of time greater than life or lives in being and 21 years thereafter, plus the ordinary period of gestation. The provision merely directs the executor to spend the money and how to spend it if there is a sufficient amount, and thereby clothed the executor with discretionary power as to a reasonable time to perform the work required and how to keep the grave. The nearest case in point we have found is Meadors v. Sherrill, Tex.Civ. App., 212 S.W. 546, where it is stated:

"By this will the title to the property vested in the named trustees immediately upon the death of the testator, but in trust for the church, and the fact that the trustees were by the will clothed with discretionary power to decide when the necessity or propriety of the construction of a church arose does not destroy the right of the officers of the church to take the proceeds of the property when the occasion in fact arose. Ould v. Washington Hospital for Foundlings, 95 U.S. 303, 24 L.Ed. 450; Russell v. Allen, 107 U.S. 163, 2 S.Ct. 327, 27 L.Ed. 397; Paschal v. Acklin [27 Tex. 173], supra."

Appellants' point of error as to perpetuities is overruled, and in any event appellants are denied any recovery. For the reasons stated we believe appellee's moton to dismiss the appeal should be sustained, but, if we be wrong about that matter, certainly the judgment of the trial court should be affirmed.