LILLIAN C. CLARKE ET AL. V. CAROLYN C. CLARKE, By next Friend.

No. 5844. Decided February 24, 1932.
(46 S. W., 2d Series, 658.)

*Allan V. McDonnell,* of Waco, for appellant.

Where an instrument of trust provides that it is made for the use and benefit of certain persons living and to such children as may be born thereafter unto such living persons, with remainder to the heirs of the children to be begotten and born of such living persons, the instrument violates the rule of perpetuities, and is void and unenforceable, and the instrument of trust in the case at bar having created a trust for the use and benefit of Mart C. Caufield and his wife Gertrude Caufield and their children Kathleen and Lillian,, *as well as any other children that might be born unto the said Mart C. Caufield* with remainder to the *child or children to be begotten and born* of the said named beneficiaries, the instrument contravenes such rule and is void and unenforceable at law.   Brackett v. Middlesex Banking Co., 95 Atl., 12; Stein v. Safe Deposit & Trust Co., 96 Atl., 349; Givens v. Clem, 59 S. E., 413; Arnette v. Watson, 213

N. W., 270; Carter v. Young, 137 S. E., 875; York v. Maryland Trust Co., 131 Atl., 829; Walting v. Walting, 15 Fed. (2d) 719; Gaines v. Arkansas Natl. Bank, 280 S. W., 993.

*William L. Sleeper*, of Waco, for appellee.

The instrument of trust in the case at bar creates an original trust for the benefit of the children born and to be born of Mart C. Caufield, but limits the remainder estate to the children to be born of the then living children of Mart C. Caufield and thereby does not contravene the rule against perpetuities. Benskin v. Barksdale, 246 S. W., 360; Cartwright v. Trueblood, 90 Texas, 535, 39 S. W., 930; Johnson v. Campbell, 39 Texas, 83; Parrish v. Mills, 101 Texas, 276, 106 S. W., 882; Risien v. Brown, 10 S. W., 661; Vineyard v. O'Connor, 90 Texas, 59, 36 S. W., 424.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

This case is before the Supreme Court on certified questions from the Court of Civil Appeals for the Tenth District at Waco. The certificate is as follows:

"On October 30th, 1908, Henry J. Caufield, a widower, divided his real estate among his six children. Among other paragraphs in the instrument, the following are pertinent to the disposition of the questions hereinafter presented. After giving the names of the children and other data, the instrument states:

" 'And whereas, I, the said Henry J. Caufield, desire during my lifetime to make partition among my said children now living of the real estate known as the Caufield ranch in McLennan County, Texas, so as to avoid all contentions and differences of every character that might arise on partition proceedings after my death * * * I have this day conveyed to them, for their use and benefit respectively, the share and proportion of the property which I intend for them to have * * *. The tract of land which I intend for the benefit of my son, Mart C. Caufield, I have concluded that it was best to put certain restrictions upon the estate in the nature of a trust, so that he and his family will get the benefit of the uses and rents arising from the property without having the care thereof.

" 'Therefore I, the said Henry J. Caufield, on account of the natural love and affection which I have for my son, Mart C. Caufield (and other considerations not necessary to be named) * * * I have this day and do hereby grant, bargain, sell and con-

vey unto Geo. H. Caufield as trustee, for the use and benefit of the said Mart C. Caufield and his wife, Gertrude Caufield, and of his children, Kathleen Caufield and Lillian Caufield, and any other children that may be born unto the said Mart C. Caufield, the following described tract or parcel of land, situated in McLennan County, Texas (then follows a description of 943 acres), subject, however, to the following uses, conditions, restrictions and limitations, towit:

" 'First: It shall be the duty of the said Geo. H. Caufield, trustee, to take possession of said tract of land, and to manage and control the same according to his best judgment, and to apply the proceeds to the maintenance, support and education of the said Mart C. Caufield and his family hereinbefore named, consisting of his wife and his children aforesaid, during the lifetime of the said Mart C. Caufield; and the trustee shall have the discretion to pay over such sums as he may desire to any of the beneficiaries aforesaid which he may deem proper or for their use and benefit, but said property shall not be subject to the payment of any indebtedness of said Mart C. Caufield and his family, neither shall the proceeds thereof be subject to the payment of such indebtedness, nor shall said trustee be subject to garnishment proceedings on account of any effects that he may have in his hands under this trust, but he shall have the privilege of disposing of and of dispensing the funds coming into his hands under this trust in such way as may seem best to him, and not otherwise. The said trustee shall also have the right to pay any and all expenses incident to the management of said property of whatsoever nature or kind, including taxes, and also a reasonable commission for his attention to the property equivalent to five per cent on all amounts received and five per cent on all amounts paid out and distributed under the provisions of this trust. He shall also have the power of making all necessary improvements and repairs on the property so as to keep it up and also to make any and all contracts for the renting of the property that he may deem proper. All acts and everything done by the trustee under this trust shall be conclusive as to all persons and no person or court shall have the right to revise the same or to question or to contest the actions of such trustee, and any accounts which he may keep concerning this matter shall be incontestable. No part of the corpus of the property shall be sold, except the same should become actually necessary for the education, maintenance and support of said beneficiaries herein named, or any of them, or for settlement of liens against the same as herein stated, and then only

in event that all the three trustees herein named which are then living should consent to such sale, and which consent may be evidenced by their joining in the conveyance; and the conveyance so executed by them as the survivor or survivors of them shall be conclusive evidence that the necessity for making the sale or sales, existed, and such sales may be made from time to time, embracing all of said property or any portion thereof, as the said trustee may determine.

" 'Second: This trust shall continue in force for and during the natural life of the said Mart C. Caufield, and also thereafter until the youngest one of said beneficiaries becomes twenty-one years of age or marries, and in all events, the same shall continue for the period of nine years from and after the 1st day of January, 1909, after which time, if the said Mart C. Caufield should then be dead, the said trustee, or his substitution which may then be acting, shall have the power, if he sees proper so to do, to execute a conveyance to said beneficiaries, or the survivor or survivors of them, in equal parts of said property, for and during the lifetime of the ones to whom it is conveyed, respectively, with the remainder over after the death of such beneficiaries to the child or children of said Kathleen Caufield and Lillian Caufield in equal proportions, share and share alike. But if the said Kathleen and Lillian should both die without leaving any child or children surviving them, then said property shall revert to me and to my heirs at law.'

"Paragraph 3 of the instrument provides for the substitution of Joe F. Cavitt as first substitute and Dr. Jesse B. Brown as second substitute if the other trustees cease to act.

"Paragraph 4 gives the trustee the right to make advancements to the beneficiaries, and give him a lien on the rents and profits as security.

"Mart C. Caufield and his wife and two daughters all accepted under said instrument. Mart Caufield died in February, 1909, without leaving any other children. Kathleen Caufield became twenty-one years of age in 1915 and Lillian Caufield Clarke in 1918. Gertrude Caufield is still living and remains a widow. Kathleen Caufield is living and unmarried. Lillian Caufield married L. S. R. Clarke and she has one child, Carolyn Caufield Clarke. George H. Caufield, the trustee named in the instrument, continued to act as such and control the property until after January 1st, 1918, at which time, as he construed the instrument, he had a right to surrender his trusteeship and thereby vest the fee simple title in Gertrude Caufield, Kathleen Caufield and Lillian Caufield Clarke. Said three

named beneficiaries, with George H. Caufield's acquiescence and permission, did take charge of said 943 acres of land and in 1923, partitioned same equally between the three of them and they have been in possession and control thereof and enjoying the rents and revenues therefrom since said date. In his pleadings, which the court in its findings of fact found are true, George H. Caufield as trustee alleged he did not desire to elect or see proper to convey the land to Gertrude Caufield, Kathleen Caufield and Lillian Caufield Clarke with the remainder over to the children of Kathleen and Lillian Caufield, as provided by paragraph 'Second' of the instrument. The record shows that if George H. Caufield was mistaken in his right to surrender the property and thereby let the three named beneficiaries take full charge, control and possession thereof, he is willing and desires to again assume possession and control of the property as trustee under the terms of the instrument.

"In January, 1929, Carolyn Caufield Clarke, the daughter of Lillian Caufield Clarke, and being the only child of either Lillian or Kathleen Caufield, instituted this suit by her next friend, seeking, first, to have the three trustees named in the instrument, namely: George H. Caufield, Joe V. Cavitt and Dr. Jesse B. Brown, mandamused to resume their trust under the terms of said instrument, or, if they refused, that the court appoint a trustee in their place, and that they be required to continue their trust relationship until they should elect to surrender same by executing the conveyance of entailment called for in paragraph 'Second' of said instrument; and second, she asked that Kathleen Caufield, Lillian Caufield Clarke and Gertrude Caufield be restrained from managing, controlling, selling or encumbering said land.

"The trial court entered judgment requiring the trustees to execute deeds to Gertrude Caufield, Kathleen Caufield and Lillian Caufield Clarke for equal portions of the 943 acres, with the proviso contained therein as provided in section 'Second' of the instrument, to the effect that they should hold the property during their natural lives, with the remainder after their death to the children of Kathleen Caufield and Lillian Caufield Clarke in equal proportions, and providing that if Kathleen Caufield and Lillian Caufield Clarke should die without issue, the property should then revert to the heirs of Henry J. Caufield, deceased. The court further decreed that Gertrude Caufield, Kathleen Caufield and Lillian Caufield Clarke should accept the deed from George H. Caufield, trustee, with the proviso above named therein contained, and that this should be

their sole interest in said property.

"At a former day of this term of court we reformed the judgment of the trial court and affirmed same, holding, in effect, that the trial court did not have the power to mandamus George H. Caufield, or either of the other trustees named, to execute the deed to Gertrude Caufield, Kathleen Caufield and Lillian Caufield Clarke, because the instrument under which he held left same discretionary as to whether he should terminate his trust and surrender the property to said named parties. We held, however, that he could not voluntarily surrender the property and thereby vest title in fee in said named parties, and we ordered the trustee to take charge of said property and exercise control and dominion over same until such time as the trustee saw proper to surrender the trust and execute the deed as provided for in said instrument. We further enjoined Gertrude Caufield, Kathleen Caufield and Lillian Caufield Clarke, from in any way encumbering said property.

"There will accompany this certificate and same are made a part hereof for a full statement of the facts, the transcript, which contains the findings of fact and conclusions of the trial court.

"In their motion for rehearing appellants have raised certain questions which we deem proper to, and do under the above facts, submit to the Supreme Court for its determination.

"FIRST: Has Carolyn Caufield Clarke, the minor daughter of Lillian Caufield Clarke, such an interest in the real estate involved in this litigation as to authorize her to maintain this suit?

"SECOND: In the event you answer the first question 'No,' then can Gertrude Caufield, Kathleen Caufield and Lillian Caufield Clarke maintain as against the appellee their cross action for the title and possession of the property in question?

"THIRD: The contingencies enumerated in paragraph two of the trust indenture, namely, the death of Mart C. Caufield, the youngest beneficiary's reaching the age of twenty-one and the expiration of the time limit stipulated, having all transpired by the year 1918, and the right of the trustee, 'if he saw proper so to do,' to execute the deed of entailment as in the instrument provided, having thereby become vested in him, and the then acting trustee having at that time, and at all times since, elected not to execute such deed of entailment, did the trust thereby terminate, and upon such election, did the fee simple title vest in Gertrude Caufield, Kathleen Caufield and Lillian Caufield Clarke with the remainder of the property to them?

"FOURTH: Paragraph (2) of the instrument of trust providing, in substance, that after the occurrence of certain contingencies enumerated, the trustee should have the power 'if he saw proper so to do' to execute a deed of entailment to Gertrude Caufield, Kathleen Caufield and Lillian Caufield Clarke for life with remainder over to the child or children of Kathleen Caufield and Lillian Caufield Clarke, and providing that if Kathleen and Lillian should die without issue, the property should revert to the heirs at law of H. J. Caufield, did the election upon the part of the trustee not to execute such deed with remainder interest as stated and his surrender of the property to the beneficiaries Gertrude Caufield, Kathleen Caufield and Lillian Caufield Clarke without the execution of such deed, merge in the said Gertrude Caufield, Kathleen Caufield and Lillian Caufield Clarke the equitable and legal estates in fee simple?

"FIFTH: The indenture of trust having provided that the trust was created for Mart C. Caufield, his wife, Gertrude Caufield, and Kathleen and Lillian Caufield, his then living children, and also any other child or children that might be thereafter born to the said Mart C. Caufield, with the further provision that the trustee might, on the occurrence of certain contingencies, execute a deed conveying the property to said beneficiaries, with remainder after the death of such beneficiaries to the child or children of Kathleen Caufield and Lillian Caufield Clarke, does same contravene the rule against perpetuities?"

OPINION.

We shall first determine the issue as to whether the instrument violates the rule against perpetuities. This is necessary because such determination must have a very important bearing on the other questions certified.

The instrument under consideration conveys the property involved to George H. Caufield as trustee for Mart C. Caufield, Gertrude Caufield, his wife, and Kathleen and Lillian Caufield, his two daughters, and "any other children that may be born to the said Mart C. Caufield." It thus appears that the trust applies by its express provisions, to "any other children that may be born to the said Mart C. Caufield" with the same force that it applies to the four beneficiaries actually personally named by the instrument. The instrument then, in paragraph "Second," provides for a remainder in the following language:

"Second: This trust shall continue in force for and during the natural life of the said Mart C. Caufield, and also thereafter until the youngest one of said beneficiaries becomes twenty-one

years of age or marries, and in all events, the same shall continue for the period of nine years from and after the 1st day of January, 1909, after which time, if the said Mart C. Caufield should then be dead, the said trustee, or his substitute which may then be acting, shall have the power, if he sees proper so to do, to execute a conveyance to said beneficiaries, or the survivor or survivors of them, in equal parts of said property, for and during the lifetime of the ones to whom it is conveyed, respectively, with the remainder over after the death of such beneficiaries to the child or children of said Kathleen Caufield and Lillian Caufield in equal proportions, share and share alike. But if the said Kathleen and Lillian should both die without leaving any child or children surviving them, then said property shall revert to me and to my heirs at law."

■■ The rule against perpetuities is that no interest within its scope is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest, to which is added in a case like this the period of gestation. Neely v. Brogden, 239 S. W., 192 (Com. App.) ; 48 C. J., p. 937, par. 4. Of course, this instrument took effect on delivery. At the time the instrument was delivered and took effect Mart C. Caufield was living, and it was therefore then possible for him to later have other children. It is thus evident that at the time the intrest was created it was possible for unborn children of Mart C. Caufield to have an interest. It could happen that the interest in their favor would not vest until after such unborn children should die. The instrument therefore provides for a remainder interest, which at the time such instrument became effective, might not vest until more than twenty-one years and the period of gestation after the life of a person in being. This renders the part of the instrument which attempts to create a remainder ineffective, but the instrument is effective to take the estate out of the grantor and vest it in the trustee, and the beneficiaries of the trust just as though no effort had been made to entail the same. Article 1291, R. C. S., 1925. We therefore have a trust estate wherein the legal title was vested at the time the trust took effect in the trustee, and the real or beneficial title in Mart C. Caufield, Gertrude Caufield, Kathleen Caufield and Lillian Caufield, now Lillian Clarke, and any other children thereafter born to Mart C. Caufield. It appears that Mart C. Caufield is now dead without other issue than the two daughters, Kathleen and Lillian. Thus at this time the surviving wife, Gertrude Caufield, and the two daughters, are the only beneficiaries of the trust estate.

What we have said above disposes of the case in so far as the rights asserted by Carolyn Caufield Clarke, daughter of Lillian Caufield, now Lillian Clarke, are concerned. The remainder attempted has failed and she is not otherwise interested in the subject matter of the litigation. Her petition is subject to the general demurrer.

■ We gather from his brief that counsel for appellee, Carolyn Caufield Clarke, contend that the rule against perpetuities is not violated because the remainder estate is limited to the children to be born to the then living children of Mart C. Caufield. We cannot agree to such contention. It is true that the remainder estate is first provided to vest after the death of the beneficiaries in the child or children of Kathleen and Lillian; but such interest as to unborn children of Mart C. Caufield could not vest until after the death of such unborn children, and that event might happen more than twenty-one years and the period of gestation after the instrument became effective. Also, the will provides that if Kathleen and Lillian leave no child or children the remainder estate shall revert to grantor's heirs at law. It is plainly evident this contingency was possible when the instrument took effect, and could result in a perpetuity.

We now come to interpret and construe the balance of the instrument, and in doing so we view the same just as though no remainder was attempted since none, in law, exists.

■ An examination of the conveyance discloses that its effect is to convey the legal title to the trustee George H. Caufield, who accepted the trust. The real or beneficial title was vested in the beneficiaries named in the trust. Mart C. Caufield is dead with no further issue. It is therefore evident that the widow and two daughters are the sole remaining beneficiaries. The instrument, in effect, provides that the trust shall continue in force until the death of Mart C. Caufield, and thereafter until the youngest beneficiary shall reach twenty-one years of age, and in all events for a period of nine years after January 1, 1909. It then provides, in effect, that when the above events have transpired, the trustee, at his discretion, may execute a conveyance to the beneficiaries and terminate the trust.

It conclusively appears that all events above mentioned, which constitute a condition precedent to the termination of the trust at the will and discretion of the trustee, have transpired. An examination of the record in this case discloses that the trustee, George H. Caufield, has answered the cross action of the surviving widow and two daughters. Such answer discloses that the trustee desires to exercise his discretion and terminate

the trust. In this connection we quote the following from trustee's answer:

"This defendant shows the court that he accepted the said trust instrument and entered upon and did perform the duties resting upon him as the named Trustee therein. That this defendant faithfully discharged the duties imposed upon him thereunder until by the terms of said instrument the trust expired as hereinafter set forth and more specifically plead.

"This defendant shows the Court that upon the death of Mart C. Caufield and upon Kathleen Caufield and Lillian Caufield Clarke each reaching the age of twenty-one years and on the expiration of nine years after January 1, 1909, each of which occurrence having transpired, this defendant considered said trust terminated and under the terms thereof it became and was his duty as such trustee to either surrender said property to the said beneficiaries, Kathleen Caufield, Lillian Caufield Clarke and Gertrude Caufield in fee or to entail the same by conveyance to them with remainder as in said instrument of trust set forth.

"That this defendant believing that the said beneficiaries were in all things capable of managing same and believing that it was not to the interest of the beneficiaries of said trust estate that the properties should be entailed and seeing proper so to do, this defendant, in good faith, surrendered title and possession of the properties involved to Gertrude Caufield, to Lillian Caufield Clarke and to Kathleen Caufield in fee, and thereafter refrained from further management, control or possession of said properties.

"That this defendant in each of the acts hereinbefore plead acted in strict conformity with the terms of said trust and the duties imposed upon him thereunder.

"That this defendant was and is unwilling that the property should be entailed with remainder to the children of Kathleen and Lillian Caufield and does not believe and did not believe that same would be or is to the best interest of the estate of the beneficiaries thereof.

"That in the event that this Court should hold that this defendant surrendered his trust wrongfully in that the same had not expired, then this defendant avers that he is ready, willing and able to resume the duties imposed upon him in said trust.

"Wherefore, this defendant prays that the Court hold that he has properly surrendered his trust and that Gertrude Caufield, Kathleen Caufield and Lillian Caufield Clarke, are all

vested with title, possession and fee to the lands involved, but in the event that this Court should not so hold, then this defendant prays that the Court hold that the trust has not expired, restore him to possession thereof and decree in this defendant full right, title and possession thereof to manage, sell and dispose of same in accordance with the terms and language of said trust instrument."

It appears from the above answer that the trustee has attempted and intended to terminate the trust by turning the property over to the beneficiaries and that the only reason that he has not executed to them a deed, is because he does not desire to attempt to entail the same. His answer conclusively shows that the trustee now desires to exercise his discretion and do all that is proper and necessary to terminate the trust and place the property in the possession of those to whom it belongs. The answer further discloses that the trustee prays the court to effectuate his desire by judgment.

Under the record above we think the court should not stand on form, but should enter a judgment divesting all right, title and possession of the trustee and substitute trustees, who are parties hereto and have answered, and of all other adverse claimants, and each of them, and vesting such right, title and possession in Gertrude Caufield, Kathleen Caufield and Lillian Caufield in equal portions in fee simple.

■ An examination of the instrument discloses that there are provisions therein against incumbrance and alienation. These provisions cannot obtain after the trust is terminated and both the legal and beneficial titles have merged. In other words, since the attempted remainder has failed, the beneficiaries become the fee simple owners of the property when they obtain the legal title from the trustee and any attempt to limit or circumscribe the power of alienation under such circumstances would be ineffective. Article 1291, R. C. S., 1925; Seay v. Cockrell, 102 Texas, 280, 115 S. W., 1160; Frame v. Whitaker, 120 Texas, 53, 36 S. W. (2d) 149.

We think the above discussion answers the pertinent questions certified, and therefore recommend that this opinion be certified as an answer to such questions.

Opinion answering certified questions adopted and ordered certified.

C. M. CURETON, Chief Justice.