## COURSEVIEW, Inc. v. PHILLIPS PETROLEUM CO. et al.

### No. 12487.

Court of Civil Appeals of Texas. Galveston.

April 23, 1953.

Rehearing Denied June 4, 1953.

Andrews, Kurth, Campbell & Bradley, F. L. Andrews and James R. Drury, of Houston, for appellant.

R. L. Foster and Harry D. Turner, of Bartlesville, Okl., and R. K. Batten and E. H. Brown, Houston, for appellee Phillips Petroleum Co.

Escar R. Wren and Woodul, Arberbury & Wren, Houston, for appellee Mid-Coast Oil Co.

GRAVES, Justice.

This appeal is from a judgment of the 130th District Court of Brazoria County, Honorable G. P. Hardy, Jr., judge presiding, with a jury, decreeing that the appellant herein, Courseview, Incorporated, take nothing against either appellee herein—that is, Phillips Petroleum Company and Mid Coast Oil Company—pursuant to an instructed verdict to that effect the attending jury had returned.

In this Court the appellant challenges that action, through some 18 points of error, under the over-all claim that it had at least raised material issues of fact in support of its declared upon cause of action; whereas, each of the corporate appellees asserts the correctness of the Court's judgment, the Phillips Petroleum Company presenting 9 counter-points, while the Mid Coast Oil Company replies in its own behalf to appellant's points, affecting it only, in its points Nos. XIV to XVIII, inclusive.

As indicated, appellant was the plaintiff below; at the expense of some prolixity, this statement of the sources of its cause of action is taken from its brief:

"On February 16, 1939, Plaintiff's predecessors-in-title, Amos L. Beaty & Company, Inc., and Victor H. Borsodi, entered into an agreement with defendant, Phillips Petroleum Company, under which Amos L. Beaty & Company and Borsodi conveyed to Phillips Petroleum Company certain oil, gas, and mineral leases, in the Chocolate Bayou Area in Brazoria County, Texas, reserving '¼ of the net profits that shall be derived by Second Party (Phillips) from the development and operation of the lands covered by said oil and gas leases for the purposes stated in said leases.' The agreement, herein referred to as the 1939 contract, also provided that if either party should purchase any 'royalty or mineral interest, or fee title', within an area specified in the contract, the other party would be notified thereof, and given an opportunity to purchase from the acquiring party a specified fractional interest therein.

"Plaintiff, Courseview, Inc., has succeeded to the purchase rights of Amos L. Beaty & Company, under the February 16, 1939 agreement.

"This is a suit primarily for specific performance of Plaintiff's purchase rights under the 1939 contract, and to obtain an accounting by reason of Defendant Phillips Petroleum Company's having purchased various mineral, royalty, and fee titles within the restricted area, without disclosing same to Plaintiff, or its predecessors-in-title, as required by the contract, but, on the contrary, fraudulently concealing such purchases and fraudulently inducing Plaintiff's predecessor-in-title, Amos L. Beaty & Company, to execute certain instruments relied upon by Phillips to cut off Plaintiff's purchase rights under the 1939 contract."

The heart of such contract, as it affected this controversy, was its paragraph 7, in exact language this:

"'Either party hereto shall have the right to purchase any royalty or mineral interest or fee title within the Chocolate Bayou Prospect area, which shall be deemed to include all lands within a radius of two and one-half (2½) miles of the center of Section Five (5), H. T. & B. Survey, Abstract 221; but it is agreed that, in the event First Parties shall purchase any such royalty, or mineral interest, or fee title, Second Party shall have the right to purchase from First Parties an undivided three-fourths (¾) interest therein, upon paying First Parties three-fourths (¾) of the total cost of acquiring such interest; and, likewise, in the event Second Party shall purchase any such royalty, or mineral interest, or fee title, First Parties shall have the right to purchase from Second Party an undivided one-fourth (¼) interest therein, upon paying to Second Party one-fourth (¼) of the total cost of acquiring such interest. *Either party, upon purchasing any such royalty or mineral interest or fee title, shall notify the other party thereof in writing and the other party shall have twenty (20) days thereafter within which to elect in writing whether or not to purchase an undivided interest therein as above provided.* The total cost of acquiring any royalty or mineral interest or fee title shall be deemed to include all commissions paid on such purchases and the cost of abstracts and title examinations. * *.'" (Emphasis ours.)

Appellant, as indicated, in its trial petition, declared specifically upon all the recited violations of its claimed rights as such successor in interest of Beaty and Borsodi, under such quoted contract, alternatively seeking $250,000 in monetary damages.

In turn, both the corporate appellees challenged the acquirement of any of appellant's claimed rights by it, whether claimed as resulting from the quoted contract, or otherwise; further denying that they had ever practiced any fraud upon the appellant, or its predecessors in interest, or that they had ever become liable to it in any way.

Because of the inordinate length of the record, the briefs, and arguments of all three parties, it would be impossible to detail full reviews thereof here; but, appellant, suffice it to repeat, grounded its claims upon the quoted contract, contending that there inured to it down under Beaty and Borsodi, extended oil, gas, and mineral interests in the described Chocolate Bayou area in Brazoria County, which the appellees, acting severally, had received and appropriated to their own interests, in violation and in fraud of the rights of the appellant therein, down under its succession to the rights of Beaty and Borsodi under the contract.

As recited, the trial court dismissed the jury, under its recited instruction to find in favor of both appellees in toto; the court's instruction was absolute, no particular ground, or consideration therefor, being recited.

This Court concludes that the peremptory instruction was in error, and that there were material issues of fact raised by the pleadings and the evidence, as in support of the appellant's declared upon causes of action, which should have been submitted to the jury.

The appellee Phillips, in support of its answer to appellant's arguments, has aided this Court by filing here this succinct written argument in support of its position, a copy of which is marked Exhibit "A", and made a part hereof.

None of the six points so presented in such argument, it is determined, should be sustained. The first of them, contending that quoted paragraph 7 of the contract involved, violates the rule against perpetuities, forbidden by Article 1, § 26, of the Vernon's Ann.St. Constitution of Texas,

if entitled to consideration at all upon this appeal, is thought to be unsound. To say the least of it, this was an answering pleading to that of appellant, and it nowhere affirmatively set forth any such claimed "illegality" of appellant's plea. It would therefore seem to have been waived, under Rule 94, T.R.C.P. But, if it should be considered, its unsoundness still appears, under these authorities: Clarke v. Clarke, 121 Tex. 165, 46 S.W.2d 658; 41 Am.Jur. 78; Gray, The Rule Against Perpetuities, Section 329; National Oil & Pipe Line Co. v. Teel, 95 Tex. 586, 68 S.W. 979; Knox v. Brown, Tex.Com.App., 277 S.W. 91, 94.

Paragraph 7, of the 1939 contract, upon its face, appears to create no rights in any real property at all, but simply gives to the grantee therein a property right, contingent upon the purchase of royalties, mineral interests, or fee titles, in the Chocolate Bayou area in Brazoria County. Appellant's pleadings took the matter up right at that point, and alleged that the appellees had acquired such agreed upon property rights in that area, but had appropriated them all to itself, without notice of any sort to the appellant's predecessors-in-title, in fraud of them and of appellant as their successor thereto. In such circumstances, it would appear that the invoked rule against perpetuities was inapplicable. Restatement of The Law of Property, at Section 401, Volume 4; Weber v. Texas Co., 5 Cir., 83 F.2d 807, certiorari denied 299 U.S. 561, 57 S.Ct. 23, 81 L.Ed. 413. The appellant further, however, presented evidence in support of its entire cause, as declared upon by it, which the trial court's peremptory instruction, of course, completely disregarded.

It is further concluded that the pleadings in evidence at least raised issues of fact over whether or not the appellant, although not a party to the original contract of 1939 so declared under by it, had in law and fact succeeded to the rights it claimed thereunder, down under Beaty and Borsodi. Neither, it is determined, were the causes of action, so declared upon and supported by testimony by the appellant, shown to have been barred by the four year

statute of limitation, laches, or other facts presented by the appellees, derogatory thereto. Appellant plead—and offered testimony to support it—that the appellee Petroleum Company had purchased interests in the land covered by the declared upon 1939 contract, and had never complied with its expressed obligations thereunder to notify the appellant, or its predecessor-in-title, of such purchases; but had, in fraud of the rights of appellant as such successor in the right and title thereto, appropriated such purchases to its own benefit exclusively. Franklin County v. Tittle, Tex.Civ.App., 189 S.W.2d 773, W.E.R.; Bordages v. Stanolind Oil & Gas Co., Tex.Civ.App., 129 S.W.2d 786, writ of error dismissed, judgment correct; Lind v. Webber, 36 Nev. 623, 134 P. 461, 50 L.R.A.,N.S., 1046; and MacDonald v. Follett, 142 Tex. 616, 180 S.W.2d 334.

While appellant was, of course, not the original contractee with appellees, as above recited, it plead and offered proof to show that it had in fact and in law succeeded to all the rights of its predecessors under the contract it so declared upon; hence, it was in privity with its predecessors and entitled to enforce all the rights inuring to them, under their original contract. 36 Tex.Jur. 743; Long Bell Lumber Co. v. Lowry, Tex.Civ.App., 31 S.W.2d 345.

No attempt has been made to discriminate between the two appellees to this appeal, since it is concluded that their interests were so intertwined and dependent one upon the other that no proper disposition of the cause could be otherwise made upon this appeal, than to reverse the judgment and remand the cause, as against them both.

Wherefore, the trial court's judgment will be reversed, and the cause remanded.

Reversed and remanded.

### Exhibit "A"

Suit for Specific Performance of option provisions of 1939 Contract. That Plaintiff could not have this specific performance is and was asserted by Phillips for the following, among other, reasons:

1. The so-called option provisions of this 1939 Contract (Paragraph 7 thereof) is void and unenforceable, because in violation of the Rule against perpetuities, in that the interest attempted to be created may not vest, if it ever vests at all, within the period allowed by the Rule.

2. Plaintiff, here, wholly failed to show by competent proof and evidence any interest in the subject-matter of this suit, in that this Plaintiff was not a party to the contract for the specific performance of which it here sues, the attempted assignment under which plaintiff claims being void on its face and of no force or effect, it being an attempted conveyance and assignment by a Corporation, after dissolution, and not executed by the statutory trustees of such dissolved corporation.

3. Insofar as the Bookout and Overly Tracts of land are concerned, by the 1945 conversion agreements, this defendant conveyed to Amos L. Beaty & Co., (plaintiffs' claimed predecessor in title), a 1/32 overriding royalty interest and Beaty & Co. accepted said overriding royalty interest "in lieu of all other interests held by it under said contract, dated Feb. 16, 1939."

4. Insofar as the overriding royalty interest in the Thompson 108 acre tract is concerned, plaintiff cannot recover here because under the plain terms and provisions of the 1939 contract the purchase of any leasehold estate or interest in leasehold estate was not made the subject matter of the option, but was precluded therefrom. And the overriding royalty interest here in question is clearly and unmistakably a part and parcel of a leasehold estate.

5. Plaintiffs' cause of action for specific performance is barred in this record as a matter of law by the 4 year statute of limitation.

6. Any cause of action, if any, plaintiff or any of his so-called predecessors in interest may have had for reformation of the 1945 conversion agreements is barred, as a matter of law, by the 4 year statute of limitation.