**Hiram B. STUBBS, Appellant,**

**v.**

**Roy STUBBS, Jr., et al., Appellees.**

**No. 4865.**

Court of Civil Appeals of Texas.

Waco.

Nov. 13, 1969.

Rehearing Denied Dec. 4, 1969.

Harry G. Fender, Mexia, Bradley & Geren, Groesbeck, for appellant.

Hugh D. Reed, Jr., Fairfield, for appellees.

## OPINION

WILSON, Justice.

The questions presented in this action to construe a will are (1) whether the will fails to provide for vesting of the remainder if the life tenant leaves no surviving widow, and (2) whether a devise violates the rule against perpetuities.

Deceased testator's only child, Hiram Stubbs, is devisee of all testator's property except specified realty in which paragraph IV of the will gives him a life estate. There is no provision for vesting of the remainder in this paragraph. The will continues in paragraph V:

"In the event my son, Hiram Stubbs, survives me, and thereafter dies but leaves a widow surviving him, then his said widow shall receive a life estate in said remainder of my property, and shall be entitled to the rents and revenue from said property during her lifetime, and upon her death said property shall vest in fee simple" in named nieces and nephews.

Hiram Stubbs, plaintiff-appellant, contends that since paragraph IV does not dispose of the remainder, it does not vest by the terms of the will, and since the will is thereby incomplete, the fee passes to him by intestacy.

We do not agree. Upon termination of the life estate created by paragraph IV in Hiram upon his death, an intermediate life estate vests by the terms of the will in his surviving widow. The latter life estate is contingent upon Hiram's wife

surviving him. Hiram Stubbs is living. If he should die without a surviving widow, there is no provision in the will disposing of the remainder. The remainder can indefeasibly vest in the nieces and nephews only if a widow survives the life tenant.

 Nevertheless, a contingent remainder was created in the nieces and nephews at testator's death, subject to being defeated by Hiram's death without a surviving widow. "Survival is made a condition precedent to the vesting of the remainder rather than a condition of defeasance." Guilliams v. Koonsman, 154 Tex. 401, 279 S.W.2d 579, 582, 583, 57 A.L.R.2d 97. Consequently, it cannot now be said that testator died intestate as to the remainder after termination of the first life estate. This status could arise only upon the death of Hiram without a surviving widow. Appellant on oral argument concedes this.

As we understand appellant's contention that the rule against perpetuities is violated, it is that a possibility exists that Hiram Stubbs may not be survived by his present wife, or any other who is a person now living; but he may subsequently marry another, not yet born.

Nevertheless, the rule requires only that the gift will necessarily become vested, *if it vests at all*, within a life or lives in being and 21 years plus the period of gestation. The additional fallacy in the contention is in overlooking the condition in the rule as stated in Brooker v. Brooker, 130 Tex. 27, 106 S.W.2d 247, 254 and Clarke v. Clarke, 121 Tex. 165, 46 S.W.2d 658, 661: the interest must vest, "if at all" not later than the prescribed time after testator's death. If Hiram Stubbs is survived by a widow the remainder must vest within the period, for it will vest, if at all, at his death. Only the possession and enjoyment will be postponed; and it is not affected by the rule against perpetuities. Rekdahl v. Long (Tex.Sup.1967), 417 S.W.2d 387, 391, syl. 5. If no widow survives, it will

not vest "at all" under the terms of the will. The rule is therefore clearly not violated.

The judgment is affirmed.