

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-17-00112-CV

---

TOMMY YOWELL; GAIL YOWELL; HARRY GRAFF; EL TERCIO, LLC; AND CASUARINA INVESTMENTS, LLC (D/B/A LAR RESOURCES, LLC), APPELLANTS

V.

GRANITE OPERATING COMPANY AND APACHE CORPORATION, AND PAC PRODUCTION CO.; MESA OIL & GAS CORP.; AND CATTALO, LTD., APPELLEES

AND

GRANITE OPERATING COMPANY AND APACHE CORPORATION, APPELLANTS

V.

PEYTON ROYALTIES, L.P.; BAILEY PEYTON, INDIVIDUALLY AND AS TRUSTEE OF THE GEORGE BAILEY PEYTON, IV 2007 GRANTOR RETAINED ANNUITY TRUST NO. 1; AND PEYTON HOLDINGS CORP., APPELLEES

---

On Appeal from the 31st District Court
Wheeler County, Texas
Trial Court No. 12,944, Honorable Steven R. Emmert, Presiding

---

June 25, 2021

OPINION

Before PIRTLE and PARKER and DOSS, JJ.

In this case remanded from the Supreme Court of Texas, we must determine whether a reserved overriding royalty interest (ORRI) in a mineral lease may be reformed under section 5.043 of the Texas Property Code to comply with the rule against perpetuities (the Rule). We must also consider any grounds for summary judgment we did not reach in our previous opinion.

Background

The factual and procedural background of this case is discussed at length in the prior opinions issued by this Court and the Supreme Court. *See Yowell v. Granite Operating Co.*, 557 S.W.3d 794, 798-99 (Tex. App.—Amarillo 2018), *aff'd in part, rev'd in part*, No. 18-0841, 2020 Tex. LEXIS 425, *2-6 (Tex. May 15, 2020). We therefore set forth only an abbreviated version of the facts as is necessary to dispose of the remanded issues.

The Yowell group sued Granite Operating Company and Apache Corporation ("Granite/Apache") in September of 2013 seeking a judicial declaration of their ownership of an ORRI in a 2007 mineral lease. The Yowells claimed that their ORRI in a 1986 lease continued, or attached, to the 2007 lease. Granite/Apache then sued the Peyton Group and the PAC Group, both owners of ORRIs in the 2007 lease, seeking indemnity under a previously executed sales agreement. Granite/Apache further alleged that if the Yowells prevailed on their claims against Granite/Apache, then Peyton Royalties must proportionately reduce its ORRI, that payments made on Peyton Royalties' two percent ORRI were improper and should be returned under theories of money had and received and unjust enrichment, and that the Peyton Group should be required to pay the Yowells

2

directly for these amounts. The PAC Group filed a counterclaim against Granite/Apache and a cross-claim against the Yowells.

The trial court granted motions for summary judgment filed by Granite/Apache, the PAC Group, and the Peyton Group. This Court affirmed, holding that the Yowells' reserved ORRI violated the rule against perpetuities. We further held that the interest was not subject to reformation under section 5.043 of the Texas Property Code because the assignment creating the interest was not an inter vivos instrument and because the Yowells had not pursued the remedy of reformation in a timely manner. Finally, we determined that the Peyton Group was not required to indemnify Granite/Apache and we upheld the trial court's award of attorneys' fees to the Peyton Group from Granite/Apache.

On appeal, the Texas Supreme Court affirmed our judgment on the issues of indemnity and attorneys' fees and agreed that the ORRI is a real property interest that violates the Rule. However, the high court concluded that the ORRI must be reformed, if possible, in accordance with section 5.043, and that section 5.043 is not subject to a four-year statute of limitations.

Issues on Remand

Our directive on remand from the Supreme Court is to consider (1) whether the Yowells' interest can be reformed to comply with the rule against perpetuities and (2) any other grounds for summary judgment we did not reach.

I. Reformation

We commence our analysis by reciting the principle applicable to the question before us, viz, "no [property] interest is valid unless it must vest, if at all, within twenty-one years after the death of some life or lives in being at the time of the conveyance." *Peveto v. Starkey*, 645 S.W.2d 770, 772 (Tex. 1982).

The instrument purporting to extend the ORRI reserved in the original lease to a new lease, such as the 2007 lease at issue in this case, provides:

> Should the Subject Leases . . . terminate and in the event Assignee [the lessee] obtains an extension, renewal or new lease or leases covering or affecting all or part of the mineral interest covered and affected by said lease or leases, then the overriding royalty interest reserved herein shall attach to said extension, renewal or new lease or leases; and an appropriate recordable instrument shall be executed to evidence Assignor's [the ORRI holder's] overriding royalty interest therein. Further, any subsequent extension or renewal or new lease or leases shall contain a provision whereby such overriding royalty shall apply and attach to any subsequent extensions or renewal of Subject Leases.

In its analysis of this provision, the Supreme Court held that, through it, the Yowells obtained a property interest under the 2007 lease; that the interest did not vest at the time of its creation and was therefore subject to the Rule; and that the interest violates the Rule because it "is contingent on at least three events that may not happen at all, let alone within the lives in being plus twenty-one years stipulated by the Rule."[1] *Yowell*, 2020 Tex. LEXIS 425, at *24.

---

[1] The three contingencies are termination of the 1986 lease, the mineral owner's execution of another lease, and the obtention of that lease by a successor-in-interest to Jay D. Haber, the original assignee.

4

The court then determined that section 5.043 of the Texas Property Code may be applied to cure the violation.  Section 5.043 directs:

> Within the limits of the rule against perpetuities, a court shall reform or construe an interest in real or personal property that violates the rule to effect the ascertainable general intent of the creator of the interest.  A court shall liberally construe and apply this provision to validate an interest to the fullest extent consistent with the creator's intent.

TEX. PROP. CODE ANN. § 5.043(a) (West 2021).  The high court explained that the statute "is a judicial mandate to which limitations does not apply, and it requires reformation of commercial instruments creating property interests that violate the Rule."  *Yowell*, 2020 Tex. LEXIS 425, at *24.

The statute requires that the reforming language shall (1) come "[w]ithin the limits of the rule against perpetuities" and (2) "effect the ascertainable general intent of the creator of the interest."  TEX. PROP. CODE ANN. § 5.043(a).  The Yowells argue that bringing their interest within the limits of the Rule is simple.  We agree.  The legal infirmity of the Yowells' interest arises from its potential time for vesting, which is not limited in duration and therefore creates the possibility that the interest might vest beyond the maximum period permitted by the Rule.  Thus, the interest can be brought within the limits of the Rule by reforming it to limit the time period in which it might vest to no longer than twenty-one years after the death of any natural person whose life was in being at the time the ORRI was created.

In both the trial court and on appeal, the Yowells have proposed reformation of their interest by the addition of language requiring "that the attachment rights would terminate 21 years from the death of Jay D. Haber, the assignee under the Assignment,

5

or as would otherwise satisfy the [R]ule, giving effect to the general intent and specific directive of the parties to the Assignment." [2]

Granite/Apache argues that the Yowells' proposed language does not cure the perpetuities problem, because all three contingencies are still required to occur before the interest can vest and those contingencies may never occur. However, the Rule is not concerned with whether an interest might never vest; the Rule provides only that *if* an interest is going to vest, it must do so within the period of the Rule. *Peveto*, 645 S.W.2d at 772; *Stubbs v. Stubbs*, 447 S.W.2d 954, 956 (Tex. App.—Waco 1969, writ ref'd n.r.e.) ("the [R]ule requires only that the [interest] will necessarily become vested, *if it vests at all*, within a life or lives in being and 21 years plus the period of gestation."). We agree with the Yowells that their interest can be reformed to come within the limits of the Rule by imposing a limitation on the time period for the contingencies to either be satisfied or not.

We next consider section 5.043(a)'s requirement that any reformation effect the intent of the creator of the interest. The record before us provides little guidance as to the creator's intent. In our opinion, the trial court is in the best position to develop the evidence of that intent and to reform the instrument to reflect it. *See* TEX. PROP. CODE ANN. § 5.043(a); *Meduna v. Holder*, No. 03-02-00781-CV, 2003 Tex. App. LEXIS 10568, at *27 (Tex. App.—Austin Dec. 18, 2003, pet. denied) (mem. op.). Therefore, we remand this case to the trial court to reform the Yowells' interest pursuant to section 5.043.

---

[2] The Yowells' interest was created by Aikman Oil Corp. when Aikman reserved the ORRI from its 1999 assignment of the 1986 oil and gas lease to Jay D. Haber.

6

II. Remaining Summary Judgment Issues

Per the Supreme Court's mandate, we next consider any grounds for summary judgment that we did not reach in our initial review of this case. The parties in this case appealed from multiple motions for summary judgment granted by the trial court: Granite/Apache's motion for summary judgment on the Yowells' override claims, PAC's motion for summary judgment on the Yowells' claims, and the Peyton Group's traditional and no-evidence motion.

A. Granite/Apache's Motion for Summary Judgment

We begin with a review of Granite/Apache's motion for summary judgment on the Yowells' override claim. In its motion, Granite/Apache raised the following grounds: (A) the Yowells' ORRI was extinguished when the 1986 leases were released and thus did not attach to the 2007 leases; (B) the 2007 leases were not renewals or extensions of the 1986 leases and thus the ORRI did not attach; (C) the "new leases" provision of the assignment violates the Rule; and (D) the Yowells' remaining claims fail as a matter of law because they are premised on the existence of an ORRI in the 2007 leases.

Granite/Apache's grounds (A) and (B) have both been resolved against it by the Supreme Court's determination that the Yowells have a property interest under the 2007 lease. Ground (C), while providing a correct statement that the Yowells' ORRI violates the Rule, is not a basis for summary judgment in light of our conclusion that the ORRI can be reformed pursuant to section 5.043. Similarly, ground (D) is premised on the non-existence of an interest in the 2007 lease. Because the Yowells own an interest in the

2007 lease, Granite/Apache is not entitled to summary judgment on this basis. Therefore, we conclude that the trial court erred in granting Granite/Apache's motion.

In its brief on remand, Granite/Apache urges that summary judgment in its favor should nonetheless be affirmed because the Yowells' suit was untimely filed. In support of this argument, Granite/Apache directs us to its separate motion for summary judgment on limitations. The record before us indicates that the trial court did not consider the merits of Granite/Apache's motion on limitations, having determined that the motion was rendered moot by its granting of Granite/Apache's motion on the Yowells' override claim.

Because Granite/Apache did not complain of that decision on appeal, the Yowells argue that Granite/Apache is precluded from raising the defense of limitations as a summary judgment ground now. The Texas Supreme Court has held that an appellate court must review all of the summary judgment grounds on which the trial court actually ruled, whether granted or denied, and which are dispositive of the appeal, and may consider any grounds on which the trial court did not rule. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996). Given that the parties have extensively briefed and argued the limitations issue on appeal,[3] we will, in the interest of judicial economy, consider the grounds asserted by Granite/Apache in its motion for summary judgment on limitations[4] to determine whether they support the trial court's judgment. *See, e.g., Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W.3d 1, 5-6 (Tex. 1999).

---

[3] We note that Granite/Apache advanced the argument that the trial court's judgment was correct on statute-of-limitations grounds in its initial brief as appellee.

[4] Below, we address separately the argument for summary judgment advanced by Granite/Apache on appeal.

In its motion on limitations grounds, Granite/Apache advanced four arguments. First, it argued that the Yowells' declaratory judgment/quiet title action is time-barred because it is rooted in breach of contract. According to Granite/Apache, since the Yowells' claims rest on a contractual requirement, they are governed by a four-year statute of limitations, which expired before the Yowells filed suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004 (West 2002). We cannot conclude that Granite/Apache is entitled to summary judgment on this basis. The Supreme Court made clear that the Yowells' ORRI is both a property and a contract right and that the Yowells chose not to pursue a breach of contract claim before that court. *See Yowell*, 2020 Tex. LEXIS 425, at *10 ("the Yowells obtained a property interest under the 2007 Lease and are permitted to seek a judicial declaration regarding the continued validity of that interest."). Because the Yowells' claim for a judicial declaration is not based on a contractual right, it is not barred by the four-year statute of limitations governing breach of contract claims.

Granite/Apache also contended that the Yowells' claim for reformation of the assignment is time-barred. In support of this argument, Granite/Apache likened the Yowells' cause of action to one for reformation of a deed and relied on application of the residual four-year statute of limitations found in section 16.051 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (West 2015) (providing that "[e]very action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues."). This argument, too, is foreclosed by the Supreme Court's opinion. The court noted that the Yowells are not pursuing a cause of action for reformation, but rather they have invoked the reformation statute as a remedy to the

9

perpetuities violation claimed by Granite/Apache and PAC. The court held that "[r]eformation under section 5.043 is not an 'action' to which the residual statute of limitations would apply." *Yowell*, 2020 Tex. LEXIS 425, at *30. Thus, this argument provides no basis for summary judgment in Granite/Apache's favor.

In its remaining two arguments, Granite/Apache contended that the Yowells' claim for breach of contract and the remainder of the Yowells' claims, such as restitution, are derivative of its other claims and are therefore also time-barred. Because the Yowells' claim for judicial recognition of their ORRI has not been resolved, their other claims may be viable. All told, the arguments presented by Granite/Apache in its motion for summary judgment on limitations do not provide a basis for affirming summary judgment in Granite/Apache's favor at this juncture.

B. PAC's Motion for Summary Judgment

We turn next to the ten grounds for summary judgment raised in PAC's motion. Several of these issues, which we address first, have been resolved against PAC by the Supreme Court's decision in this case. The remainder do not provide a basis for granting summary judgment in PAC's favor for other reasons.

PAC's Ground 1 for summary judgment alleged that the Yowells have no title upon which to base a declaratory judgment action to quiet title. This issue has been resolved against PAC by the Supreme Court's determination that the Yowells have a property interest, not merely a contract right. *Id.* at *9. PAC's Ground 2, that the Yowells' claim is barred by the four-year statute of limitations, was based on PAC's contention that the Yowells' cause of action arose from a contractual right, rather than a property interest.

10

Like the first, this argument fails given the Supreme Court's opinion. *Id.* In Ground 3, PAC asserted that the top leases were not "new leases." This Court held, and the Supreme Court affirmed, that the 2007 leases were "new leases." *Id.* at *11. Consequently, summary judgment is not proper on this basis. Ground 5, contending that Tommy Yowell and Harry Graff waived their claims, is another argument premised on the assumption that the Yowells' claims are rooted solely in breach of contract. Because the Supreme Court has confirmed that the Yowells have both contract rights and a property interest under the assignment, summary judgment on this basis is not proper. *Id.* at *9. In Ground 9, PAC argued that the Yowells' claims are barred by the Rule and that reformation is barred by the four-year statute of limitations. Although the Supreme Court affirmed that the Yowells' ORRI violates the Rule, it went on to conclude that the reformation statute, section 5.043 of the Texas Property Code, applies to the conveyance. *Id.* at *31. As set forth above, this Court has determined that the ORRI can be reformed to come within the limits of the Rule. Therefore, the ORRI's perpetuities violation is not dispositive. Moreover, the Supreme Court rejected PAC's argument that this case is an action for reformation subject to a four-year statute of limitations. *Id.* at *29-30.

PAC's remaining summary judgment arguments also fail. In Ground 4, PAC claimed that the three- and five-year adverse possession statutes barred the Yowells' claims. Because the Yowells' interest, an ORRI, is a non-possessory property interest, the rules regarding adverse possession do not apply and thus would not support summary judgment. *See Yowell*, 2020 Tex. LEXIS 425, at *8-9; *Sun Oil Co. v. Madeley*, 626 S.W.2d 726, 733 n.6 (Tex. 1981). In Ground 6, PAC argued that the top leases are not renewals or extensions. While PAC's position is correct, it provides no basis for summary

11

judgment.  Because the top leases are new leases, the Yowells have a property interest in those leases, for which they may seek a declaration of ownership.  In Ground 7, PAC argued that any recovery by the Yowells cannot exceed 1.640625%, and in Ground 8, PAC alleged that the two-year statute of limitations barred some of the Yowells' claims for past unpaid royalties.  Because any recovery by the Yowells is dependent on the trial court's treatment of matters on remand, these issues are not ripe for our consideration and we decline to address them.  *See Patterson v. Planned Parenthood*, 971 S.W.2d 439, 444 (Tex. 1998) (courts may not adjudicate issues that are not ripe).  Finally, in Ground 10, PAC sought summary judgment on the Yowells' claim for unpaid royalties under separate leases involving Wayne Zybach and Jim Tom Higgins.  The record reflects that these claims, known as the "Zybach claim" and the "Higgins claim," were severed into a new case and given a new cause number.  As such, the claims are not before us on this appeal and provide no basis for summary judgment.

For all these reasons, we conclude that none of the grounds raised by PAC in its motion for summary judgment can support summary judgment at this juncture.

## C. Additional Arguments for Summary Judgment on Limitations Grounds

Finally, we address related arguments Granite/Apache and PAC make on appeal.[5] While Granite/Apache and PAC's written motions raised the limitations arguments set forth above, they argue on appeal that this Court should reaffirm the trial court's summary

---

[5] We will liberally construe Granite/Apache and PAC's limitations issue to encompass these additional arguments.  *See* Tᴇx. R. Aᴘᴘ. P. 38.9; *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex. 1989) ("[I]t is our practice to construe liberally points of error in order to obtain a just, fair[,] and equitable adjudication of the rights of the litigants.").

judgment and dismiss the Yowells' declaratory judgment/quiet title claim under the residual four-year statute of limitations of section 16.051 for somewhat different reasons.

First, Granite/Apache and PAC contend that the instrument by which the Yowells claim title is void unless and until it is reformed to cure the perpetuities violation. Because the Yowells' claim requires court intervention in the form of reformation, they argue, it is subject to the residual limitations period. We disagree. The Supreme Court held that "the Yowells obtained a property interest under the 2007 Lease and are permitted to seek a judicial declaration regarding the continued validity of that interest." *Yowell*, 2020 Tex. LEXIS 425, at *11. The court acknowledged the Yowells' present interest and did not condition the Yowells' action for a judicial declaration on the success of a reformation action. Therefore, we reject this argument.

Next, Granite/Apache and PAC argue that the four-year statute of limitations applies because the Yowells' action is one for "quiet title." Because the Supreme Court did not characterize the Yowells' claim as a quiet title action, we decline to do so. *See id.* at *31 (stating that the Yowells "seek a judicial declaration of ownership"). We will not affirm summary judgment on this ground.

Finally, Granite/Apache and PAC claim that the Yowells' claim is barred by the residual four-year statute of limitations in section 16.051 of the Civil Practice and Remedies Code because it is an action for the recovery of an interest in real property, not an action for the recovery of real property. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (residual four-year statute of limitations excepts only actions "for the recovery of real property"). We decline to construe section 16.051 in the narrow manner advocated

13

by Granite/Apache and PAC.  Texas law generally recognizes two types of property: real and personal.  *See, e.g., Erwin v. Steele*, 228 S.W.2d 882, 885 (Tex. Civ. App.—Dallas 1950, writ ref'd n.r.e.).  "'Real property'" includes estates and interests in land, corporeal or incorporeal or legal or equitable."  Tᴇх. Eѕт. Cᴏᴅᴇ Aɴɴ. § 22.030 (West 2020); *see also* Tᴇх. Tᴀх Cᴏᴅᴇ Aɴɴ. § 1.04(2) (West Supp. 2020) (defining "real property" to include "an estate or interest, other than a mortgage or deed of trust creating a lien on property or an interest securing payment or performance of an obligation" in property).  The Yowells' ORRI is an interest in land.  *See Yowell*, 2020 Tex. LEXIS 425, at *31 ("the Yowells' ORRI is a real property interest").  Applying the foregoing commonly accepted definition, we conclude that the Yowells' action comes within the meaning of an action for the recovery of real property.  *See also Colquitt v. Eureka Producing Co.*, 63 S.W.2d 1018, 1021 (Tex. Comm'n App. 1933) (holding four-year statute of limitation cannot be invoked to bar plaintiffs' suit to recover royalty interest because action is one to recover an interest in land).  Accordingly, the Yowells' claim comes within the exception to the four-year statute of limitations set forth in section 16.051.  Granite/Apache and PAC's final argument thus does not present a basis for affirming summary judgment in their favor.

III. Summary Judgment Issues in Cross-Appeal

In the cross-appeal between Granite/Apache and the Peyton Group, the Peyton Group filed a traditional and no-evidence motion for summary judgment on Granite/Apache's claims.  Granite/Apache responded by filing competing motions for summary judgment alleging that Peyton Royalties was required to proportionately reduce its ORRI should the Yowells prevail.  The trial court granted the Peyton Group's traditional

and no-evidence motion for summary judgment and denied Granite/Apache's motion for summary judgment with respect to its third-party claims. The Texas Supreme Court affirmed the judgment that the Peyton Group was not obligated to indemnify Granite/Apache for the Yowells' lawsuit against Granite/Apache and affirmed the award of attorneys' fees. *Yowell*, 2020 Tex. LEXIS 425, at *34. We did not reach the other claims on which Granite/Apache sought summary judgment, i.e., its contingent causes of action asserted against the Peyton Group for a declaration of a proportionate reduction of the ORRI, money had and received, and unjust enrichment. We now review these motions to address any summary judgment grounds not reached by our original opinion.

A. Declaratory Judgment for Proportionate Reduction

According to Granite/Apache, Peyton Royalties has a contractual obligation to proportionately reduce its ORRI arising from the compromise and settlement agreement entered into between Amarillo Production Company, Paul A. Clark, Ronald Nickum, and Upland Resources, Inc., on October 31, 2007. The pertinent provision of that agreement reads:

> **Proportionate Reduction of ORRI.** Plaintiff agrees to assign to Defendant a two percent ORRI in the Top Leases in question.[6] The parties understand that ORRI owners under the prior lease will lose their interests. However, Plaintiff agrees that they will share on a proportionate basis any reduction in retained override if such owners make a claim and the **prior** ORRI owners **recover any interest.** The Parties understand that Defendant has a two percent ORRI and the Plaintiff will have a three percent ORRI, and that any reduction shall be shared on that basis. It is agreed, however, that Plaintiff and Defendant may jointly or separately defend any action brought by third parties for recovery of overrides under the prior lease or leases, and may

---

[6] In the agreement, "Plaintiff" refers to Amarillo Production Company, Paul A. Clark, and Ronald Nickum, and "Defendant" refers to Upland Resources, Inc.

15

jointly or separately settle or try any such cases. If either Defendant or Plaintiff separately settles or tries any such action, its override shall be reduced by the amount of override recovered, if any, by any such third party without proportionate reduction. **Only if the Plaintiff and Defendant both settle or try such an action and lose will their override** will [sic] **be proportionately reduced.** (Emphasis supplied).

In its motion, Peyton argued that summary judgment on Granite/Apache's claim for declaratory judgment on the proportionate reduction issue should be denied, as it was premature. Peyton asserted that no controversy has yet arisen as to any proportionate reduction because the obligation to reduce does not arise until the ORRI owners under the prior lease, the Yowells, make a claim and recover an interest. This event has not yet occurred. Peyton further asserted that, if a determination were made that the Yowells are entitled to an ORRI, the parties may or may not at that time dispute the appropriate proportionate basis for any reduction in their ORRI. Because the Yowells had not recovered an interest, and because there was no existing dispute between Granite/Apache and Peyton regarding proportionate reduction, there was no justiciable controversy. In short, the impact that Granite/Apache presumed was only hypothetical.

The Declaratory Judgments Act "does not authorize a court to decide a case in which the issues are hypothetical or contingent—the dispute must still involve an actual controversy." *Sw. Elec. Power Co. v. Lynch,* 595 S.W.3d 678, 684 (Tex. 2020); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 37.008 (West 2020); *Petro Pro, Ltd. v. Upland Res., Inc.,* 279 S.W.3d 743, 748 (Tex. App.—Amarillo 2007, pet. denied). Because any dispute between Granite/Apache and Peyton was based on contingencies that had not yet matured to a ripe controversy, we conclude that Granite/Apache was not entitled to a declaration regarding Peyton's obligations under the proportionate reduction provision.

16

*See Tesco Corp. (US) v. Steadfast Ins. Co.*, No. 01-13-00091-CV, 2015 Tex. App. LEXIS 970, at *6 (Tex. App.—Houston [1st Dist.] Feb. 3, 2015, pet. denied) (mem. op.) (declaratory judgment action does not allow court to determine questions not essential to resolution of actual controversy, even if such questions may require adjudication in the future). Therefore, the trial court correctly denied Granite/Apache's motion for summary judgment on its declaratory judgment claims.

We next address whether the trial court correctly granted Peyton's motion for summary judgment on Granite/Apache's claim for declaratory judgment on the proportionate reduction claim. A traditional motion for summary judgment requires the moving party to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). As set forth above, any dispute between Granite/Apache and Peyton had not yet matured at the time of the trial court's decision, leaving significant factual and legal issues open for further determination. Because the evidence does not conclusively establish that Peyton was entitled to judgment as a matter of law, the trial court erred by granting Peyton's motion. We reverse the trial court's order granting summary judgment for Peyton on the proportionate reduction claim and remand for further proceedings. *See Hackberry Creek Country Club, Inc. v. Hackberry Creek Home Owners Ass'n*, 205 S.W.3d 46, 50, 65 (Tex. App.—Dallas 2006, pet. denied) (reversing and remanding where both sides moved for summary judgment but neither party met summary judgment burden).

B. Money Had and Received; Unjust Enrichment

Granite/Apache also brought equitable claims for money had and received and unjust enrichment, contingent on a determination by the trial court that the Yowells' ORRI attached to the 2007 leases. Granite/Apache argued that, upon such a finding, "all overriding royalty amounts paid to the Peyton [p]arties that would rightfully belong to the [Yowells] will be considered a wrongfully or passively received benefit received by the Peyton Parties which would be unconscionable to retain." The trial court denied Granite/Apache's motion for summary judgment and granted Peyton's motion for summary judgment on these claims.

Granite/Apache did not complain about the summary judgment against it on these claims in its previous briefing to this Court. Peyton therefore argues that Granite/Apache waived any argument that the trial court erred in granting summary judgment. We agree. "It is axiomatic that an appellate court cannot reverse a trial court's judgment absent properly assigned error." *Pat Baker Co., Inc. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) (per curiam). Because no complaint was made regarding these claims on appeal, we will not disturb the trial court's judgment.

Even if Granite/Apache had preserved this complaint for our review, we would affirm the trial court's grant of summary judgment in Peyton's favor. To prevail at trial on its claim for money had and received, Granite/Apache had to establish that (1) the Peyton Group received money, and (2) the money belongs to Granite/Apache in equity and good conscience. *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, no writ). Unjust enrichment is not an independent cause of action; rather, it characterizes

18

the result of a party's failure to make restitution for benefits received under circumstances that give rise to a quasi-contractual obligation to return those benefits. *Burlington N. R.R. Co. v. Sw. Elec. Power Co.,* 925 S.W.2d 92, 96-97 (Tex. App.—Texarkana 1996, no writ). In its no-evidence motion, the Peyton Group correctly noted that Granite/Apache did not present any evidence that the Peyton Group wrongfully secured a benefit or passively received one which would be unconscionable to retain. Thus, because Granite/Apache produced no evidence to support either equitable theory and failed to file a motion for continuance, we would affirm the trial court's grant of the Peyton Group's no-evidence motion and its denial of Granite/Apache's motion for summary judgment on the claims for money had and received and unjust enrichment. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (no-evidence summary judgment is properly granted when there is a complete absence of evidence of a vital fact); *see also Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer,* 904 S.W.2d 656, 660-61 (Tex. 1995) (assertions and arguments by counsel in pleadings are not competent summary judgment evidence).

## C. Attorneys' Fees

Granite/Apache also urges us to reverse the attorneys' fee award of $46,849.60 to the Peyton Group for defending against Granite/Apache's claim seeking a declaration of proportionate royalty reduction. We decline to do so. Under the UDJA, the court may award "reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2020). The Supreme Court affirmed this Court's judgment on the issue and held that the "UDJA does not prohibit a trial court from awarding attorneys' fees to a party defending against a contingent claim for declaratory

judgment."  *Yowell*, 2020 Tex. LEXIS 425, at *40.  Accordingly, we will not disturb the award of attorneys' fees to the Peyton Group.

## Conclusion

We reverse the trial court's grant of summary judgment in favor of Granite/Apache and PAC on the Yowells' claims.  We affirm the trial court's order denying Granite/Apache's motion for summary judgment on its claims for declaratory judgment, money had and received, and unjust enrichment.  We reverse the trial court's grant of the Peyton Group's motion for summary judgment on the proportionate reduction clause claim and affirm its summary judgment on Granite/Apache's money had and received and unjust enrichment claims.  We remand for the trial court to reform the assignment to comply with the Rule in light of the creator's intention and for further proceedings consistent with this opinion.

Judy C. Parker
Justice